## In re FELDSTEIN.

(District Court, S. D. New York. July 17, 1900.)

1. EVIDENCE—PRIVILEGE OF WITNESSES—EXPOSURE TO CRIMINAL PROSECUTION—BANKRUPTCY PROCEEDINGS.

Under Const. Amend. 5, providing that no person shall be compelled in any criminal case to be a witness against himself, a witness in proceedings before a referee in bankruptcy cannot be compelled to testify to the consideration given for certain bank checks made to the witness by a bankrupt, where he states that his answers might tend to criminate him, and the evident purpose of the examination is to show that the checks were given for gambling debts, the receipt of which, under the laws of the state, is a criminal offense.

2. SAME—IMMUNITY FROM PROSECUTION.

Bankr. Act, § 7a, subd. 9, providing that no testimony given by the bankrupt shall be offered in evidence against him in any criminal proceeding, even if applicable in favor of a witness other than the bank-

rupt in bankruptcy proceedings, is not sufficient to secure the full protection intended to be afforded a witness under Const. Amend. 5, providing that no person shall be compelled in any criminal case to be a witness against himself.

In Bankruptcy.

Blumenstiel & Hirsch, for receiver.

Lenehan & Dowley, for witness.

BROWN, District Judge. Application is made for an order to commit the witness A. C. Maynard for contempt in refusing to answer certain questions put to him in an examination at the instance of the receiver of the bankrupt, pending before the referee, which questions the witness refused to answer on the ground that his answer would or might tend to criminate him.

The subjects of inquiry were some 35 checks, amounting altogether to $72,486.53, which had been given by the bankrupt to the witness between September 19, 1898, and August 10, 1899. The object of the examination was to ascertain the consideration for those checks, and in fact to ascertain whether they were not given for gambling debts which the trustee might recover by action against the witness. Two actions of that kind on various other checks had already been brought by the bankrupt's receiver in the state court, and are still pending there.

By the Penal Code of the state of New York, gambling is a criminal offense. Section 340 provides that any person exacting or receiving anything from another won by any game of chance, shall forfeit five times the value thereof; section 341 provides that a person who wins or loses at play by betting at any time the sum of $25 or upward, within 24 hours, is punishable by a fine of five times the value or sum so lost or won. Various other sections make it penal to keep a room or building to use for gambling purposes, or tables, apparatus or other implements for such purposes.

The witness had stated in general that the checks referred to were given to him in payment of moneys loaned to the bankrupt at the times mentioned in the checks; or rather that each check was given the next time he saw the bankrupt after the loan. Numerous other questions were asked, some of which were answered, the purpose of which evidently was to show that the checks were really given to pay gambling debts, and that the so-called loans by the witness were a device to conceal that fact. Among the questions which the witness declined to answer were: Whether he slept at any other place than his ordinary place of abode; whether he had played cards with the bankrupt; whether he had seen the bankrupt playing roulette during the time which was covered by the checks; why his answer to such questions might tend to criminate him; whether during this period he was interested in an establishment where roulette was played; whether he had seen the bankrupt in certain premises named; whether any of the checks referred to were given to the witness at that place; whether all the checks were not given to him by the bankrupt for losses incurred by him in games of chance at the establishment conducted by the witness, or in which the witness was interested; whether

the witness had any business at this period other than the carriage business in which he had stated he was interested; whether he had ever seen the bankrupt use any of the money loaned to him by the witness for any purpose; whether the greater part of the money was not used in settling up losses which the bankrupt had incurred in a gaming establishment in which the witness was interested, and the checks given on each occasion of a loss; whether the bankrupt had won any money of the witness during the same period; whether during this period the witness resided temporarily or otherwise at the place indicated; whether the bankrupt was not in the habit of continually during that period visiting the premises and gambling there with the witness.

It is evident from these questions that the object of the examination was to require the witness to furnish evidence which would enable the receiver to recover back money of the bankrupt lost in gambling and paid by him to the witness. Under the Penal Code of this state such acts are made punishable as offenses. The witness is therefore protected not only by the constitution of the state, but also by the United States constitution, from any compulsory answers to such inquiries, unless perfect statutory immunity is afforded to the witness in answering such questions. Section 7a (9) of the present bankrupt act provides as respects the bankrupt himself, that "no testimony given by him shall be offered in evidence against him in any criminal proceeding." This provision, even if applicable in favor of a witness (which it is not in terms), seems to be no stronger or more effective as a protection than section 860 of the Revised Statutes, which in Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, 35 L. Ed. 1110, was on full discussion held insufficient. This was followed in People v. Forbes, 143 N. Y. 219, 38 N. E. 303, and reiterated in Brown v. Walker, 161 U. S. 591, 16 Sup. St. 644, 40 L. Ed. 819. The same ruling upon clauses of this character has been made in several bankruptcy cases. In re Hathorn, 2 Am. Bankr. R. 298; In re Rosser, 2 Am. Bankr. R. 755, 96 Fed. 305; In re Scott, 1 Am. Bankr. R. 49, 95 Fed. 815. Section 342 of the New York Penal Code and section 10 of the Code of Criminal Procedure are no broader in their provisions than those above referred to, and are consequently insufficient to afford the complete immunity required by the constitution. In the case of Brown v. Walker, however, the statutory exemption had been extended by amendment so as to afford complete immunity from prosecution in respect to the subjects of the witness' testimony; and on the ground of that extension alone the statutory immunity of the witness was held to be complete, and he was accordingly held bound to answer.

By a recent similar amendment in the law of the state of New York, applicable to the examination of witnesses in certain proceedings to prevent monopolies, etc. (Laws 1899, c. 690, § 6), complete immunity from prosecution is similarly afforded; and on that ground it was recently decided by Chester, J., in the Ice Cases, so called (Morse v. Nussbaum, 32 Misc. Rep. 1, 66 N. Y. Supp. 129), that the witness must answer.

There is no general provision, however, in the laws of the state of New York or in the statutes of the United States which furnishes immunity from prosecution to a witness interrogated in respect to his participation in gambling or moneys thereby acquired. At most the exclusion extends only to the particular evidence given by the witness, and this being held to be insufficient according to the authorities above cited, the witness must be held privileged from testifying to the matters certified.