## In re SMITH.

(District Court, S. D. New York. January 4, 1902.)

PRIVILEGE OF WITNESS—ANSWERS WHICH MIGHT INCRIMINATE—TRUSTEE IN BANKRUPTCY.

A trustee in bankruptcy, who has been arrested under Bankr. Act 1898, § 29a, charged with a misappropriation of funds of the estate, on an examination before the referee, pending such charge, with reference to the bankrupt estate, has the constitutional right to refuse to answer a question asked him, on the ground that his answer may tend to incriminate him.

In Bankruptcy. On question certified by referee.

Epstein Bros., for receiver.

Levy & Unger, for Wm. E. Hardt.

ADAMS, District Judge. In this case, one Hardt, the trustee of the estate, was charged by the referee with misappropriating funds of the estate through the alteration of checks after they had been countersigned by the referee, and Hardt was arrested upon a warrant issued by a United States commissioner. He was subsequently indicted under section 29a of the bankruptcy act. After his arrest, and pending the indictment, he was brought before the referee for examination with reference to the bankrupt estate, and was asked if the receiver, who had preceded him in charge of the estate, had turned over to him a check representing the cash that he (the receiver) had on hand. The witness declined to answer this question upon the ground that it might tend to incriminate him, and the question of the right of the witness to refuse to answer under the circumstances has been certified for the opinion of the court.

It is provided, "No person * * * shall be compelled in any criminal case to be a witness against himself. * * *" Const. U. S. Amend. 5. This has been construed to mean not merely that a person shall not be compelled to be a witness against himself in a criminal prosecution against himself, but also that a person shall not be compelled, when acting as a witness in any investigation, to give testimony which may tend to show that he himself has committed a crime. Counselman v. Hitchcock, 142 U. S. 547, 562, 12 Sup. Ct. 195, 35 L. Ed. 1110. The bankruptcy act affords no immunity excepting with respect to the testimony of a bankrupt. Section 7a; In re Feldstein, 103 Fed. 269, 4 Am. Bankr. R. 321. It is not necessary here to consider the extent of such immunity.

The claim of the witness of a right to refuse to answer should be sustained.