## In re KANTER et al.

(District Court, S. D. New York.    September 15, 1902.)

**1. BANKRUPTCY—PRODUCTION OF BOOKS—INDICTMENT—EVIDENCE AGAINST ONE-SELF—CONSTITUTIONAL LAW.**

Where a bankrupt is charged in a state court with the crime of having fraudulently removed and disposed of property and with grand larceny in obtaining goods on false pretenses, it being charged that the crimes relate to matters involved in the bankruptcy proceedings, and the bankrupt deposes that a furnishing of books of account and filing of schedules pursuant to the usual order would tend to incriminate him and compel him to be a witness against himself, within Const. U. S., art. 5, and the New York constitution, he will not be required to produce the books, etc.

James, Shell & Elkus, for creditors.
Epstein Bros., for receiver.
Shafer & Levin, for bankrupts.

ADAMS, District Judge. These are motions on the part of the petitioning creditors and the receiver in bankruptcy respectively to punish the bankrupts for contempt in failing to obey the usual order of the court requiring them to file schedules and to compel them to turn over to the receiver all their books of account, records, papers, &c., kept in their business.

The creditors' petition was filed on the 4th day of March, 1902, and the adjudication was made on the 20th day of May, 1902, after a contest on the part of the bankrupts. The latter now seek to defeat the motions upon the plea that the schedules, books, &c., may tend to incriminate them, and that if they are constrained to furnish the required information, they will be compelled to be witnesses against themselves within the meaning and in violation of the fifth article of the Constitution of the United States and of the provisions of the Constitution of the State of New York.

There can be no doubt that if the effect of the granting of the motions will be as contended, the privileges of the parties must be recognized. In re Feldstein, 4 Am. Bankr. R. 321, 103 Fed. 269; In re Franklin Syndicate, 4 Am. Bankr. R. 511, 114 Fed. 205; In re Walsh, 4 Am. Bankr. R. 693, 104 Fed. 518; In re Henschel, 7 Am. Bankr. R. 207; In re Smith, 7 Am. Bankr. R. 213, 112 Fed. 509.

It appears that the bankrupts are under indictments in a state court, charging them with the crime of fraudulently removing, secreting and disposing of property and with the crime of grand larceny in the first degree in obtaining goods upon false pretences. These crimes are

charged to have been committed shortly before the filing of the petition in bankruptcy and relate to matters involved in the bankruptcy proceedings. It is alleged by the bankrupts that the schedules, books, &c., would be competent and relevant evidence against them in the criminal actions and if they are compelled to make the schedules and produce the books &c. they will be deprived of their constitutional privilege.

The answer of the petitioning creditors to the contention is, while recognizing the rule that parties can not be compelled to furnish such evidence where it reasonably appears that it will have a tendency to expose them to penal liability, that it is for the court to determine whether the evidence will incriminate them and that they can not be permitted to judge for themselves in a case of this kind, thus depriving their creditors of an opportunity to ascertain the condition of the estate. And it is urged that schedules, books &c. would not furnish incriminating evidence.

In a case where it clearly appears to the court that a party from whom evidence is sought contumaciously or mistakenly refuses to furnish that which can not possibly injure him, he will not be permitted to shield himself behind the privilege, but generally the party best knows what he can not furnish without accusing himself and where it is not perfectly evident and manifest that the evidence called for will not be incriminating, the privilege must be allowed. People v. Forbes, 143 N. Y. 219, 38 N. E. 303; Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, 35 L. Ed. 1110.

Here the inculpated parties explicitly depose that the books &c. sought to be obtained would furnish evidence against them and so far from being able to say that it clearly appears such would not be the case, I should be inclined to believe that it would, from the nature of the evidence which the books &c. would in all probability furnish.

Motions denied.