### JOHNSON v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. July 2, 1908.)

#### No. 744.

1. BANKRUPTCY—OFFENSES—PROSECUTION—TRIAL—RECEPTION OF EVIDENCE—OBJECTIONS.

On trial of a bankrupt for concealing property belonging to the estate from the trustee, a general objection to the introduction of the bankrupt's schedules of assets and liabilities was sufficient; the only possible ground being that they were incompetent under Rev. St. § 860 (U. S. Comp. St. 1901, p. 661), declaring that no pleading, etc., obtained from a party or witness by means of a judicial proceeding, should be used against him in any court of the United States in any criminal proceeding, etc.

2. SAME—EVIDENCE—RECORDS—BANKRUPTCY SCHEDULES.

In a prosecution of a bankrupt for concealing property belonging to the estate, the schedules filed by him are inadmissible against him, under Rev. St. § 860 (U. S. Comp. St. 1901, p. 661), providing that no pleading of a party, nor any discovery or evidence obtained from a party or witness by means of a judicial proceeding, shall be given in evidence or in any manner used against him in any court of the United States in any criminal proceeding, since such schedules, indicating the parties to the proceeding, the extent of their supposed claims, and the subject-matter of the distribution, as required by Bankr. Act July 1, 1898, c. 541, §§ 7 (8) 17 (3), 30 Stat. 548, 551 (U. S. Comp. St. 1901, pp. 3425, 3428), are in the nature of pleadings, or at least are within the policy of the law, as indicated by the change thereof made by the provisions of section 860.

3. SAME—NATURE OF BANKRUPTCY PROCEEDING.

A bankruptcy proceeding is a proceeding in rem.

4. SAME—CONCEALMENT OF PROPERTY.

The offense of concealing property by a bankrupt from his trustee consists of a continuous concealment of the property from the trustee during the whole course of the bankruptcy proceedings, or beyond, and is therefore not necessarily consummated by an omission of the property from the schedules.

5. SAME—EVIDENCE.

In order to prove a continuous concealment of property by a bankrupt from his trustee, it is not necessary to take up each moment of the bankrupt's life while the proceedings lasted, and prove what he did as a means of proving what he did not; it being sufficient to introduce secondary evidence of the property disclosed by the bankrupt, and he

being entitled at his election to introduce his schedules to show that the property claimed to have been omitted was in fact included, as a matter of defense.

6. SAME—REPRESENTATIONS.

The schedules of a bankrupt are a representation that the property set forth is all the property known to the bankrupt, and hence, on an indictment against the bankrupt for concealing property from the trustee, cannot be admitted on the ground that they are offered, not for the purpose of putting in evidence the statements contained in them, but only to show the fact that other statements are not contained in them.

In Error to the District Court of the United States for the District of Massachusetts.

William H. Garland, Asst. U. S. Atty. (Asa P. French, U. S. Atty., on the brief).

Harvey H. Pratt, for plaintiff in error.

Before HOLMES, Circuit Justice, and COLT and PUTNAM, Circuit Judges.

HOLMES, Circuit Justice. The plaintiff in error, hereafter called the defendant, was indicted for concealing from the trustee of his estate in bankruptcy property belonging to the estate. He was convicted and sentenced, and the case is here on exceptions to the admission of evidence and to other rulings of the court. It is objected generally that most of the exceptions were not taken in proper form, as required by Rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii) and otherwise. The objection might be serious with regard to most of them if we saw more merit in them than we do; but we do not need to consider it except in a single case, and in that we think that it should not prevail.

The Government, after putting in the creditors' petition filed against the defendant, the order appointing a receiver, notice to the bankrupt, the adjudication, the appointment of the trustee, the order of reference and the list of debts, offered the schedules of assets and liabilities filed by the bankrupt in the District Court. The defendant objected, the objection was overruled, the schedules were admitted, and the defendant excepted. It is said that the grounds of the objection should have been stated, but we are of opinion that the only possible ground was sufficiently obvious to entitle the defendant in fairness to have it considered by us upon its merits.

The ground, of course, was Rev. St. § 860 (U. S. Comp. St. 1901, p. 661):

"No pleading of a party, nor any discovery or evidence obtained from a party or witness by means of a judicial proceeding in this or any foreign country, shall be given in evidence, or in any manner used against him or his property or estate, in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture: Provided, that this section shall not exempt any party or witness from prosecution and punishment for perjury committed in discovering or testifying as aforesaid."

The Government argues that the schedules are not pleadings, discovery or evidence, and that therefore the section does not apply; but we are not satisfied that the fagot can be taken to pieces and broken stick by stick in this manner so easily. We quite agree that vague

arguments as to the spirit of a constitution or statute have little worth. We recognize that courts have been disinclined to extend statutes modifying the common law beyond the direct operation of the words used, and that at times this disinclination has been carried very far. But it seems to us that there may be statutes that need a different treatment. A statute may indicate or require as its justification a change in the policy of the law, although it expresses that change only in the specific cases most likely to occur to the mind. The Legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed. The major premise of the conclusion expressed in a statute, the change of policy that induces the enactment, may not be set out in terms, but it is not an adequate discharge of duty for courts to say: We see what you are driving at, but you have not said it, and therefore we shall go on as before.

This section of the Revised Statutes goes beyond and outside of the Fifth Amendment. It applies, even to a sworn bill or answer in chancery, what is said to be the rule of common law, that pleadings are not evidence against the party concerned. Langd. Eq. Pl. § 33; Boileau v. Rutlin, 2 Exch. 665. It makes this a general provision, and its object seems to us clear. We think that object was to prevent the required steps of the written procedure in court preliminary to trial from being used against the party for whom they were filed. We should be surprised if an allegation in a writ should be held to be outside the protection of the statute, if there should be a case in which that protection was needed. On the same principle we think that schedules in bankruptcy are protected. We can see no reason that would apply to an answer in equity that does not apply to them. They are required by the law. They are a regular step in the written procedure preliminary to the proof of facts. If necessary, it might be argued that they are pleadings within the meaning of the act. Bankruptcy is a proceeding in rem. The schedules indicate those who are to be made parties to the proceeding, the extent of their supposed claims, and the subject-matter of the distribution. Bankruptcy Act July 1, 1898, c. 541, §§ 7 (8), 17 (3), 30 Stat. 548, 551 (U. S. Comp. St. 1901, pp. 3425, 3428). They have such characteristics of pleadings as are possible at that stage of a proceeding of this kind against all the world.

It is true that in Tucker v. United States, 151 U. S. 164, 14 Sup. Ct. 299, 38 L. Ed. 112, the decision takes up the words of the section and discusses them somewhat as the Government has done. But the affidavit that was admitted in that case fell under the head of evidence, if under any, and therefore by express limitation had to be "obtained from" the prisoner. As it appeared to have been filed voluntarily it was held to be excluded from the privilege by the very words of the act. In re Kanter (D. C.) 117 Fed. 356, is not an authority in any aspect. Compare Jack v. Kansas, 199 U. S. 372, 26 Sup. Ct. 73, 50 L. Ed. 234; Hale v. Henkel, 201 U. S. 43, 68, 26 Sup. Ct. 370, 50 L. Ed. 652.

But it is said that filing the schedules was an act. It was a representation that the property set forth was all the property known to the

bankrupt to which the trustee had a right. If the offense punished by the statute had been an active misrepresentation, there might be force in the argument that there was an implied exception from the statute, even as we read it, analogous to the express exception in the case of perjury. But the offense is not making a misrepresentation at a given time and place; it is the continuous concealment of the property from the trustee during the whole course of the bankruptcy proceedings or beyond. The omission from the schedule would amount to nothing if the bankrupt had disclosed the property to the trustee. To prove this continued concealment, it is not necessary, of course, to take up each moment of the bankrupt's life while the proceedings lasted, and to prove what he did as a means of proving what he did not. The moment of filing the schedules is no more important than any other moment, and although the fact of a misrepresentation in them would corroborate testimony that certain property was not disclosed, it is like any other corroborative evidence and is not necessary in order to make out the offense. The Government asks what answer it could give to the suggestion that the schedules might disclose the property. The answer is plain. The defendant was free to put them in.

What we have said suggests a part of the answer to another objection that might be urged. It might be said that if the schedules are not put in, their contents must be proved by secondary evidence. That they did not set forth the property was a part of the import of the trustee's testimony that he never was informed of it. But when it is necessary to cover a considerable time by a negation, it would be intolerable if the general result should be excluded by the suggestion that there was better evidence for one moment of that time. We believe that it has been held that the proper way of proving that a certain matter was not mentioned in a particular conversation is to prove what was said. But no one would maintain that, in a case like this, the trustees must reproduce all the possibly many conversations with the bankrupt. If the statutes forbid the Government to put in the schedules and yet require the negation to be proved, by implication they permit secondary evidence as to that moment and secure the rights of the defendant by allowing him to put the documents in.

The Government argues further that if it be assumed that the schedules did not disclose the property, the statements contained in the schedules were not given in evidence, but the fact that other statements were not contained in them. This refinement does not need much answer. If it were desired to prove that a man did not say a certain thing at a certain time, proof of what he did say might establish it and would be evidence and used as evidence of the factum probandum. Moreover, the schedule was a representation that the property set forth was all the property known to the bankrupt, and therefore an affimative act in aid of the concealment, as we already have said.

In the present case the schedules were filed in an involuntary proceeding, in accordance with a requirement of the bankruptcy act, § 7 (8). Therefore it would be possible to take a distinction between this case and that of voluntary proceedings. But such a distinction

163 F.—3

naturally would be open to doubt, and we prefer to put our judgment on the broad ground that the schedules are protected by Rev. St. § 860, to whichever class the proceedings belong.

The judgment and the verdict in the District Court are set aside, and the case is remanded to that court for further proceedings in accordance with law.