COHEN v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. May 5, 1909.)

No. 835.

BANKRUPTCY (§ 495*)—OFFENSES AGAINST BANKRUPTCY LAWS— EVIDENCE.

In the prosecution of a bankrupt for concealing property from his trustee, the schedules filed by him are not admissible in evidence against him, being within the provision of Rev. St. § 860 (U. S. Comp. St. 1901, p. 661), that no pleading of a party, nor any discovery or evidence obtained from a party or witness by means of a judicial proceeding, shall be given in evidence in any criminal proceeding.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 495.*]

In Error to the District Court of the United States for the District of South Carolina.

F. L. Willcox (Henry E. Davis, Walter H. Wells, and Willcox & Willcox, on briefs), for plaintiff in error.

Ernest F. Cochran, U. S. Atty. (Abial Lathrop, Asst. U. S. Atty., on brief), for the United States.

Before GOFF and PRITCHARD, Circuit Judges, and MORRIS, District Judge.

GOFF, Circuit Judge. The plaintiff in error was indicted for knowingly and fraudulently concealing certain personal property belonging to his estate as a bankrupt, which should have been returned and delivered to his trustee in bankruptcy. On trial duly had, he was convicted and sentenced to imprisonment for the term of six months. The assignments of error relate to the admission during the trial of certain evidence offered by the district attorney for the consideration of the jury.

Over the objection of the plaintiff in error, the court below permitted the defendant in error to offer in evidence the schedules attached to the voluntary petition which had been filed by him in bankruptcy. These schedules were objected to, on the insistence that under the bankrupt law no testimony of the bankrupt is admissible against him in a criminal proceeding, and that, as the schedules constituted such testimony given by him, they came within the exemption of said law, and on the further ground that they constituted evidence obtained from the plaintiff in error by means of a judicial proceeding, and therefore, by virtue of section 860 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 661), were inadmissible.

The bankrupt act requires the bankrupt to submit to an examination concerning the conduct of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and all other matters which may affect

the administration and settlement of his estate, but provides that no testimony given by him shall be offered in evidence against him in any criminal proceeding. It requires him to prepare, make oath to, and file with his petition a schedule of his property, showing the amount and kind thereof. Section 860 of the Revised Statutes reads as follows:

"No pleading of a party, nor any discovery or evidence obtained from a party or witness by means of a judicial proceeding in this or any foreign country, shall be given in evidence, or in any manner used against him or his property or estate, in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture: Provided, that this section shall not exempt any party or witness from prosecution and punishment for perjury committed in discovering or testifying as aforesaid."

It was necessary for the defendant in error, in order to prove the allegations of the indictment, to show that certain property mentioned in the indictment was at one time in the possession of and owned by the plaintiff in error and that thereafter it was by him concealed from his trustee. For the purpose of doing this the schedules in bankruptcy were introduced. The bankrupt act, recognizing the well-established rule that admissions of a party obtained by force, threats, or duress, or by judicial proceedings, should not be used against him, provided that the testimony given by him in the proceedings connected with his bankruptcy should not be used as evidence in any criminal case against him. No one can be compelled to testify against himself. The immunity referred to is in accordance with the provisions of the fifth amendment to the Constitution of the United States, and with it should have a liberal construction. By that amendment all citizens of the United States are given immunity from self-incrimination, and, independent of the legislation mentioned, this constitutional provision makes it contrary to the principles of our government to convict any one of crime by compelling the production of his private books and papers, or by resorting to the use of discoveries founded on his oath, required of him in judicial proceedings.

Whatever the rule may be in the criminal courts of the states of the Union, concerning which it may be conceded there is conflict, certainly it must be admitted that in the federal courts the exemption from compulsory self-incrimination is secured by the Constitution of the United States. The language used in section 7, subd. 9, of the bankrupt act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425]), "but no testimony given by him shall be offered in evidence against him in any criminal proceeding," is simply the recognition of the fact that the law requires the bankrupt to give his testimony in the proceedings by which he petitions for his discharge, and having thus forced him to testify, or to forego the benefits of the law, it proceeds to provide the immunity usual under such circumstances. The words we have quoted are not to be held as modifying or rendering inapplicable the provisions of said section 860 to cases of this character. Rather are they in aid of that section, and even if the contention of the district attorney that the immunity granted in the bankrupt act was only intended to apply to the oral testimony of the bankrupt could be sustained, nevertheless said section 860

would prevent the use of the bankrupt's schedules in a criminal prosecution. This question was in substance considered and decided in the Circuit Court of Appeals, First Circuit, in Johnson v. United States, 163 Fed. 30, 89 C. C. A. 508, 18 L. R. A. (N. S.) 1194; Mr. Justice Holmes speaking for the court, and holding that the schedules in bankruptcy are protected by Rev. St. § 860, and that it was error to admit them in evidence in a criminal prosecution.

In the case we now consider, the schedules were used by the prosecution for the purpose of showing that the property described in them was returned by the accused as all of the property owned by him at the time of the filing of his petition in bankruptcy, thereby tending to show, in connection with other testimony offered to prove his ownership of other property, an intent on his part to aid in the concealment charged in the indictment. Such evidence was not only within the prohibition of the provisions of the bankrupt act, but was contrary to the exemption afforded by the Revised Statutes quoted, which is even more comprehensive than the constitutional guarantee we have referred to. The schedules should not have been considered by the jury, and, while it is not for us to determine as to their force and effect relative to the different counts of the indictment, still we can properly say that in the light of the other evidence found in the record the jury must have been greatly impressed by the information they furnished.

It becomes unnecessary to consider the other assignments of error. The judgment complained of will be reversed, the verdict of the jury will be set aside, and the cause remanded for such further proceedings as may be proper.

Reversed.