# FRISBY v. UNITED STATES.*

EVIDENCE; CRIMINAL LAW; FORGERY; APPEAL AND ERROR; TRIAL; MIS-
CONDUCT OF COUNSEL.

1. An exhibit to an answer to a bill in equity is a pleading within the
   meaning of sec. 860, U. S. Rev. Stat., U. S. Comp. Stat. 1901, p.
   661, providing that no pleading of a party shall be given in evidence
   or used against him in any criminal proceeding except for perjury,
   and a prosecution for the forgery of signatures on the exhibit by
   the party filing it cannot be based upon it.

2. A judgment of conviction in a criminal prosecution based upon the
   admission of evidence in violation of a statute providing that such
   evidence shall not be admitted in such a proceeding will be reversed,
   on an appeal by the accused, although the statute is repealed pend-
   ing the appeal.

3. It is misconduct on the part of the prosecuting officer sufficient to re-
   quire a reversal of a judgment of conviction, in a prosecution for
   forgery, of the defendant in an equity cause, for having forged signa-
   tures on an exhibit to his answer, where the prosecuting officer
   states to the jury that the decree in the equity cause was a repudia-
   tion of the testimony of the accused, although the trial court in-
   structs the jury that the result of the equity suit is not in issue,
   and counsel should not argue from what happened in that case.

4. Where, in a prosecution for forgery, counsel for the accused having
   properly referred in his argument to the jury to the failure of the
   prosecution to call as a witness a party who was present when the
   alleged forgery was committed, the prosecuting officer asked for
   leave to put such party on the stand; and leave to do so having been
   denied, stated to the jury in his closing argument that he had for-
   gotten to call the witness, and notwithstanding objection by coun-
   sel for the accused to such statement, no attempt was made by the

---

*Appeal and error.—Upon the question of reversal of conviction be-
cause of unfair or irrelevant argument or statements of facts by prose-
cuting attorney, see presentation of authorities in People v. Fielding, 46
L.R.A. 641.

trial court to counteract its effect upon the jury, a judgment of conviction will be reversed on an appeal by the accused, for misconduct of the prosecuting officer.

5. While, as a general rule, a cause of reversal is removed if the trial court withdraws from the consideration of the jury objectionable remarks of counsel or testimony improperly admitted (following *Washington & G. R. Co.* v. *Dashiell*, 7 App. D. C. 507), yet, in a case where the obvious intent of the objectionable remarks was to prejudice the jury, and it is apparent that such prejudice was likely to remain notwithstanding an attempt by the trial court to remove it, a new trial will be granted; and where no such attempt is made the appellate court will not speculate as to the ultimate effect of the objectionable remarks on the jury. (Following *Pickford* v. *Hudson,* 32 App. D. C. 480.)

No. 2148.  Submitted October 5, 1910.  Decided November 1, 1910.

HEARING on an appeal by the accused from a judgment of conviction of the Supreme Court of the District of Columbia in a prosecution for forgery.  *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment of the supreme court of the District of Columbia in a criminal case. The appellant, Perri W. Frisby, defendant below, was indicted for the forgery of a certain paper writing in the form of an agreement, which was set forth in the indictment. The government produced at the trial the record and proceedings in equity cause No. 891 in the supreme court of the District of Columbia, in which cause one Alice V. Carroll was complainant and said Frisby was defendant.

In the bill of complaint in said equity cause it is alleged that Mrs. Carroll had agreed to sell, and Frisby had agreed to buy, certain land and chattels in the District of Columbia, the major part of the purchase price to be represented by twenty-seven promissory notes secured by a deed of trust, one of said notes to mature each year; that said promissory notes and deed of trust were at variance with the conditions of said agree-

ment in that each of the notes was made payable on or before twenty years from its date. Process was prayed commanding Frisby to appear and answer, and that he be required to reform said deed of trust to conform with said agreement, and also to execute and deliver to Mrs. Carroll promissory notes in accordance therewith. It further appeared from said record that process was duly served on Frisby, that he appeared and answered said bill, in which answer he averred, *inter alia,* that the promissory notes and deed of trust executed and recorded by him were in accordance, and not at variance, with said agreement. In support of his answer, and referred to therein, Frisby filed, as exhibit No. 1, a paper writing purporting to be the real agreement between him and Mrs. Carroll. This paper writing forms the basis of the criminal proceeding.

The government introduced testimony tending to show that, after the termination of said equity cause, the defendant reconveyed said property to the complainant in said cause, and that she had then sold it "at her price to another than the defendant."

During the course of the trial, and over the objection and exception of the defendant, the government introduced in evidence said exhibit No. 1, and it was read to the jury. Testimony was then introduced, over the objection and exception of the defendant, tending to show that the signatures of Mrs. Carroll and of the attesting witness were not genuine. The government also introduced in evidence, over the timely objection and exception of the defendant, extracts from the testimony of said defendant in said equity cause, relating to the signing of "said exhibit No. 1."

*Mr. Henry E. Davis* for the appellant.

*Mr. Clarence R. Wilson,* United States District Attorney, and *Mr. Jesse C. Adkins* and *Mr. Charles H. Turner,* Assistants, for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The fundamental question raised by this appeal relates to the applicability of sec. 860 of the Revised Statutes of the United States (U. S. Comp. Stat. 1901, p. 661). That section provides:

"No pleading of a party, nor any discovery or evidence obtained from a party or witness by means of a judicial proceeding in this or any foreign country, shall be given in evidence, or in any manner used against him or his property or estate, in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture; provided, that this section shall not exempt any party or witness from prosecution and punishment for perjury committed in discovering or testifying as aforesaid."

As originally enacted (see act of February 25th, 1868, 15 at L. 37, chap. 13), this section provided that "no answer or *other pleading* of any party" should be used against him, etc.

That said exhibit No. 1 bore material relation to said answer, the answer being based upon it, is not seriously disputed. That it was attached to, and not incorporated in the body of, said answer, does not change its character, so far as this inquiry is concerned. If the answer was a pleading within the meaning of the statute, this, attached to it, and made a part of said answer, was also a pleading in the same sense, and entitled to as much protection, as though incorporated in the body of the answer. The closing provision in sec. 860 is one of limitation, and requires a strict rather than a liberal interpretation of what precedes it. With the policy of the statute we have nothing to do, our only concern being to give expression to the apparent intent of Congress in its enactment. The bill in said equity cause required the defendant to appear and make answer thereto. The answer which he filed was a required step preliminary to trial, and whether true or false, we think it clear that, under the statute, no prosecution except for perjury could be based upon it. As originally enacted, the statute in terms referred to an *"answer or other* pleading."

The words "answer or other," being clearly superfluous, were omitted when the statute was revised, but the meaning of the statute was in no way affected. To give the statute the interpretation urged upon us by the government would, we think, almost entirely defeat its obvious purpose. Nor are we without authority for this view. In *Johnson* v. *United States,* 18 L.R.A.(N.S.) 1194, 89 C. C. A. 508, 163 Fed. 30, the defendant was indicted for concealing from the trustee in bankruptcy property belonging to the estate. The question before the court was whether the schedules of assets and liabilities filed by the bankrupt were admissible in evidence against him in the criminal trial. The court, through Mr. Justice Holmes, ruled that they were within the protection of said sec. 860, and said: "This section of the Revised Statutes goes beyond and outside of the 5th Amendment. It applies, even to a sworn bill or answer in chancery, what is said to be the rule of common law, that pleadings are not evidence against the party concerned. Langdell, Eq. Pl. sec. 33; *Boileau* v. *Rutlin,* 2 Exch. 665. It makes this a general provision, and its object seems to us clear. We think that object was to prevent the required steps of the written procedure in court preliminary to trial from being used against the party for whom they were filed. We should be surprised if an allegation in a writ should be held to be outside the protection of the statute, if there should be a case in which that protection was needed. On the same principle we think that schedules in bankruptcy are protected. We can see no reason that would apply to an answer in equity that does not apply to them. They are required by the law. They are a regular step in the written procedure preliminary to the proof of facts. If necessary, it might be argued that they are pleadings within the meaning of the act."

In *Tucker* v. *United States,* 151 U. S. 164, 38 L. ed. 112, 14 Sup. Ct. Rep. 299, it was ruled that an affidavit filed by the defendant after his indictment for murder, in which it was stated that certain witnesses were material to his defense, and that he was without sufficient means to procure their attendance, was neither "a pleading of a party" nor "discovery of evidence

obtained from a witness by means of a judicial proceeding." But this piece of evidence was made upon his own motion, and not in response to any judicial process, nor in answer to any interrogatory or cross-examination. As suggested by Mr. Justice Holmes in the opinion to which reference has been made, this affidavit "fell under the head of evidence, if under any, and therefore, by express limitation, had to be 'obtained from' the prisoner. As it appeared to have been filed voluntarily, it was held to be excluded from the privilege by the very words of the act."

The contention of the government that because the jury found said exhibit No. 1 to have been a forgery, it was not within the privilege of the statute, is, we think, without merit. Obviously no protection at all would lie unless it was forgery. It was not incumbent upon the defendant to establish his innocence to entitle him to the benefits of the statute. If it was, the statute would be meaningless,—a mere collection of words. This exhibit, being a legitimate part of the defendant's answer in the equity proceeding, and having a real relation thereto, could form the basis of no prosecution other than that for perjury. In other words, its truth or falsity could be challenged only in the criminal proceeding authorized by the statute.

Our attention has been directed by the government to the fact that sec. 860, since the trial of this case, has been repealed, and the point is made that on this account it is not now necessary to consider whether the evidence complained of was incompetent prior to the repeal of said section. Whether the act repealing said section is an *ex post facto* law as to this case is not now before us. It being clear, however, that the judgment of conviction was the result of error, it is our duty to reverse that judgment.

We deem it our duty to notice certain assignments of error, based upon the alleged misconduct of counsel for the government during the argument of this case before the jury.

The findings of the court in said equity cause were, of course, not before the jury in this case. Notwithstanding that fact,

counsel for the government in effect said to the jury that the judgment of the court in said equity proceedings was a repudiation of the defendant's testimony. The sole purpose of this argument must have been to get before the jury a fact not in evidence; namely, that the real issue in the case had been determined against the defendant by the equity court. That this argument would tend to the defendant's prejudice, and was made with that object in view, cannot be disputed. That the trial court instructed the jury that the result of the other suit was not in issue, and that "counsel should not argue *from what happened in that case,*" in our opinion did not right the wrong, nor remove the prejudice and injury occasioned by the argument.

In the course of his argument to the jury, counsel for the defendant referred to the failure of the government to call as a witness one of the four parties, the defendant, Mrs. Carroll, and a subscribing witness being the other three, who was present or in or about the house when said exhibit No. 1 was signed. In the circumstances this argument was proper. Whereupon, before beginning his closing address to the jury, counsel for the government sought and was denied leave to put said party upon the stand, but, in addressing the jury, he stated that he had forgotten to call this witness, meaning, of course, while he was introducing his evidence. Notwithstanding the objection of counsel for the defendant to this statement, no attempt was made by the trial court to counteract its effect upon the jury. The evident purpose of the prosecutor in making it was to convey to the jury the information that he had forgotten to call a material witness, for of course he would not have called an immaterial witness, and that, inferentially, her testimony would have been in corroboration of that of the other witnesses for the government upon the vital point of the case.

We are no more disposed to indulge in artificial distinctions in a criminal than in a civil case, but it is nevertheless our duty to see that every defendant is properly protected in the rights secured to him by the law of the land. While it is true that, as a general rule, a cause of reversal is removed if

the trial court withdraws from the consideration of the jury objectionable remarks of counsel or testimony improperly admitted (*Washington & G. R. Co.* v. *Dashiell,* 7 App. D. C. 507), we think it an equally well-established rule that, in a case like the present, where the obvious intent of the objectionable remarks was to prejudice the jury, and where, considering the whole case, it is apparent to the appellate court that such prejudice was likely to remain with the jury notwithstanding the attempt of the trial court to remove such prejudice, it is the duty of the appellate tribunal to award a new trial. *Waldron* v. *Waldron,* 156 U. S. 361, 39 L. ed. 453, 15 Sup. Ct. Rep. 383. And where no attempt is made by the trial court to remove the prejudice occasioned by the objectionable argument, the appellate court will not speculate as to its ultimate effect upon the jury. 'The probability of injury and injustice is so great as to leave but one course to pursue, and that is to grant a new trial." *Pickford* v. *Hudson,* 32 App. D. C. 480.

Applying this rule to the facts of this case, it is apparent that, irrespective of the other questions involved, it would have been our duty to have granted a new trial because of the misconduct of counsel for the government.

Judgment reversed and a new trial awarded. *Reversed.*