UNITED STATES v. RHODES (two cases).

(District Court, S. D. Alabama. December 13, 1913.)

Nos. 4230, 4231.

1. BANKRUPTCY (§ 242*)—PRIVILEGE OF WITNESS.

The constitutional provision that no man shall be compelled to be a witness against himself is applicable to a bankrupt and entitles him to refuse not only to give oral testimony, but to produce books and papers which will tend to incriminate him.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 399–401; Dec. Dig. § 242.*]

2. PERJURY (§ 25*)—INDICTMENT—REQUISITES.

An indictment for perjury must allege that the false oath was made in evidence or testimony as to matters or facts material to the issue involved in the proceeding in which it was made, and, if the matters alleged as sworn to appear to the court not to be material, the indictment is insufficient, though it alleges that they are material.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 82–89; Dec. Dig. § 25.*]

3. PERJURY (§ 6*)—BANKRUPTS—EX PARTE PROCEEDING.

Defendants, who were bankrupts, were indicted for perjury alleged to have been committed on their examination before a referee as to matters concerning their bankruptcy, and as to their acts the commission of which they. denied, and also concerning statements made in their examination relevant to one of their schedules. Held that, such proceeding being merely an ex parte examination on which there was no issue, perjury could not be assigned on the alleged falsity of the testimony so given.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 7–17; Dec. Dig. § 6.*]

Joseph E. Rhodes and John J. Rhodes were indicted for perjury in violation of Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1111 [U. S. Comp. St. Supp. 1911, p. 1625]) § 125. On demurrer to indictment. Sustained.

Jas. B. Sloan, U. S. Atty., and Alex. T. Howard, Asst. U. S. Atty., of Mobile, Ala.

C. E. Hamilton, of Evergreen, Ala., C. J. Torrey, of Mobile, Ala., and F. W. Hare and Barnett & Bugg, all of Monroeville, Ala., for defendants.

TOULMIN, District Judge. [1] 1. The law is well settled that the constitutional provision that no man shall be compelled to be a witness against himself enables a person, under ordinary circumstances, to refuse not only to give. oral testimony, but to produce his books and pa-

pers, on the ground that they would tend to incriminate him. Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746. And it is held that a bankrupt, as well as any other person, is entitled to the protection of such constitutional provision. In re Kanter & Cohen (D. C.) 9 Am. Bankr. Rep. 104, 117 Fed. 356; In re Dow's Estate (D. C.) 105 Fed. 889.

The defendants (bankrupts) have been indicted for perjury, alleged to have been committed on their examinations before the referee as to matters concerning their bankruptcy and as to acts inquired about by the defendants, and denied to have been committed by them; and also as to statements made in their examinations relative to their Schedule B, etc. Such evidence as purposed to be used in these prosecutions is not permitted by law to be so used, under the constitutional provision referred to, as well as by that of the bankrupt law. In re Harris (D. C.) 164 Fed. 292.

[2] In all indictments for perjury it must be alleged that the false oath charged was made in evidence or testimony as to matters or facts material to the issue involved in the proceeding in which it was made. If the matter or facts stated in the indictment as sworn to appear to the court not to be material, notwithstanding they are alleged so to be in the indictment, they will not be sufficient to support it.

[3] It does not appear from the allegations of the indictments that the testimony given before the referee was material to the matter or proceeding then pending before him. An indictment for perjury is defective which fails to show that the alleged false testimony was material to the issue involved in the proceeding before the referee when given. There was no issue in the said proceeding. It related to matters which might be material in a bankruptcy proceeding on a hearing of objections to a discharge. The said proceeding was in the nature of an ex parte examination. In re Chamberlain (D. C.) 180 Fed. 304; Roscoe's Crim. Ev. p. 817.

There is an allegation in the indictment against J. E. Rhodes (No. 4230) that the testimony before the referee was material, but the facts alleged show it was not material. Demurrers are sustained to the indictment—not all those interposed, but sufficient to render it fatally defective.

The indictment against John J. Rhodes (No. 4231) fails to allege any materiality in the matters testified to, and, as stated above, it does not appear that the testimony was material; and the indictment is otherwise not maintainable. Demurrers thereto are sustained.