# IN THE MATTER OF THE HAWAIIAN JAPANESE DAILY CHRONICLE, LIMITED, BANKRUPT.

## June 30, 1916.

*Bankruptcy—Privilege of witness:* Officer of corporation testifying before referee cannot be compelled, over his claim that his answers would incriminate him, to answer questions if his answers might constitute evidence against him of a violation of law amounting to a criminal offense.

*In Bankruptcy:* On petition of referee to require witness to answer.

*J. Lightfoot* for the referee.
*E. C. Peters* for the witness.

VAUGHAN, J.    The referee has filed a petition praying that H. Tsurushima be required to appear before the court and that the court require him to answer certain questions proponded to him at a hearing before the referee, which the said witness refused to answer, claiming that his answering might criminate him.

The witness, through his counsel, has made certain objections to the form of the proceeding which it is not necessary to notice.

The question before the court is whether or not the witness should be required to answer the questions.    If his answers to the questions might constitute evidence against him in a criminal proceeding, he is entitled to claim the benefit of the constitutional provision which prohibits requiring him to give evidence against himself that would criminate him. If the court can say that the witness is mistaken or is acting in bad faith in claiming the privilege and that his answer could not be material evidence against him in any criminal prosecution he should be required to answer.

It is true that the referee should use all legal means to ascertain and seek out the assets of the bankrupt for the purpose of applying them to the payment of its debts. However desirable this may be the witness cannot be compelled to give evidence of the existence of assets if his answers would criminate himself.    Other witnesses must be obtained as to such matters.    The questions propounded to the witness which he refused to answer relate to two different subjects, the first relates to the matter of certain shares of stock in the bankrupt corporation issued to the witness while he was president thereof; and is as follows:

"I ask you, Mr. Tsurushima, how much you paid for the ten shares of stock which were issued to you on May 23, 1904?"

The witness claimed that his answer to this question might criminate him.    The court is unable to say that the wit-

ness is mistaken about this matter for the witness may have violated sec. 3303 of the Revised Laws of Hawaii by the issuance of the certificate if he certified in the certificate that the shares of stock had been paid for when in truth and in fact they had not.

There are also other sections of the statutes which may have been violated by him rendering him liable to criminal prosecution and his admission if he were forced to testify and should admit that he had paid nothing for the stock might be very important evidence against him in a prosecution for the violation of one or the other of these different provisions relating to larceny and embezzlement.

In *In re Fieldstein*, 103 Fed. 269 it was held that a witness testifying before a referee in bankruptcy could not be compelled to answer a question as to what was the consideration of certain checks given him by the bankrupt where he claims his answer might criminate him. It appears that the purpose of the examination was to show that the checks were given for gambling debts, the receipt thereof being a criminal offense under the laws of the State of New York. Numerous other authorities might be cited to support the view the court takes in the matter.

The other question which the witness refused to answer relates to the alleged payment of $9,000 to the bankrupt corporation and is as follows:

"Mr. Tsurushima, I ask you whether or not during the year 1909 a large sum of money, about $9,000, was paid to the Hawaiian Japanese Daily Chronicle, Ltd., for their aid and support in the matter of a so-called Japanese strike?"

The witness refused to answer this question upon the ground that his answer thereto might criminate him. The referee seeks to have the witness compelled to answer the question or stand committed for contempt.

Of course, the mere receipt of the money by the corporation, of which the witness was president, was not a criminal offense. It could not be said that the witness was

guilty of any criminal offense on account of the receipt of the money by the corporation of which he was president, but the answer of the witness, if he should be forced to answer and should admit that the money was paid to the corporation of which he was president, might constitute a very important link in a chain of testimony to establish that the witness appropriated the money to his own use in violation of law, under such circumstances as to make him guilty of a criminal offense.

The constitutional provision protects the witness against being compelled to give evidence against himself under such circumstances. However criminal it may be for an officer of the corporation to appropriate the funds thereof to his own use he cannot himself be compelled to give evidence which might subject him to a prosecution for the offense. The court can very well see how the answers of the witness might constitute important evidence against him in criminal prosecution and is therefore unable to say that the witness is mistaken or that his claim of privilege is not made in good faith.

It is therefore the opinion of the court that the petition to compel the witness to answer these questions should be denied.