## C. A. TEMPLE v. STATE.

No. A-2998.    Opinion Filed November 2, 1918.

(175 Pac. 555.)

1.  CRIMINAL LAW—Production of Incriminating Evidence.
Where the trial court orders the defendant to produce in open
court the original deed which the defendant is charged with
having forged, and where, because of said order, defendant's
counsel, objecting and excepting to the court's action, produce
said original deed theretofore obtained from the defendant, and
where the trial court subsequently permits the state over the
objection and exception of defendant to introduce said original
deed in evidence against him, section 21, art. 2, Constitution,
providing, "No person shall be compelled to give evidence tend-
ing to incriminate him," is violated.

2.  SAME—Immunity from Prosecution. For reasons holding that
the trial court did not err in overruling defendant's plea of
immunity against prosecution, see body of opinion.

*Appeal from District Court, Atoka County;*
*J. H. Linebaugh, Judge.*

C. A. Temple was convicted of the crime of forgery
and sentenced to serve a term of imprisonment in the pen-
itentiary for seven years, and appeals.    Reversed.

*J. G. Ralls* and *Jones & McCasland,* for plaintiff in
error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst.
Atty. Gen., for the State.

MATSON, J.    During the progress of the trial, the
court permitted the state, over the objection and exception
of the defendant, to introduce in evidence the original
deed, which this defendant, together with his codefendant,
was charged with having forged.    The basis of the objec-
tion to the introduction of this particular instrument was
that the defendant had been compelled to produce evi-

dence against himself, which tended to incriminate him of the crime charged in violation of section 21 of article 2 of the Constitution. The record shows that the defendant, through his counsel in obedience to an order of the trial court, was compelled to produce and did produce, in compliance with a request to the court by the county attorney, the original deed, which formed the basis of the prosecution against him and which the court, after said deed had been so produced by compulsion of the court's order, permitted the state to use as evidence against this defendant. All of this happened after the defendant had filed a motion before the trial commenced that the court make an order that the original deed be returned to him, which motion was overruled and exception saved.

Section 21 of article 2 of the Constitution provides:

"No person shall be compelled to give evidence which shall tend to incriminate him, except as in this Constitution specifically provided; nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

We are of opinion that the production of this deed in response to the order of the court to produce the same over the objection and exception of the defendant and his counsel, and the subsequent use of the same against the defendant upon the trial of the case over his objection, was clearly in violation of the constitutional guaranty granted him in section 21, art. 2, aforesaid. Subdivision 1, § 2264, Wigmore on Evidence; *Boyd v. U. S.,* 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746; *U. S. v. Rhodes* (D. C.)) 212 Fed. 519; *U. S. v. Lombard* (D. C.) 228 Fed. 981; *U. S. v. Abrams* (D. C.) 230 Fed. 313.

It is contended by the state that, while the introduction of this deed may have been erroneous under the circumstances, still, in view of the fact that the matters might have been proved by the introduction of the recorded instrument *(Grayson v. State,* 12 Okla. Cr. 226, 154 Pac. 334) the error was not prejudicial to the defendant. Such a construction would render the constitutional provision absolutely of no avail to an accused person. Perhaps these facts could have been proven just as effectively without the production of the original deed, but it was incumbent upon the state and its officials to produce its evidence according to the well-established principles of law, and not in violation of the defendant's constitutional and statutory rights. The aforesaid constitutional provision is a limitation against "governmental activity." In this respect the instant case is to be distinguished from that of *Silva v. State,* 6 Okla. Cr. 97, 116 Pac. 199, where the evidence was obtained by means of an unauthorized and illegal search by persons without authority. In such cases "the agent is responsible as an individual for his unlawful conduct, but the courts will avail themselves of the evidence thus obtained if it is otherwise relevant and competent." 10 R. C. L. p. 932. Here the deed was produced upon the order of the trial court; the production was required by the state itself, and defendant is entitled under such circumstances to rely upon the constitutional guaranty that the state will not use such evidence against him.

It is also contended that the court erred in not sustaining the defendant's plea of immunity, which is based on the proposition that the state having used the deed in evidence against his codefendant, Dick Montgomery, the same automatically operated to grant to this defendant an

immunity from prosecution under the provisions of section 27, art. 2, Constitution.

The defendant, according to the terms of section 27, art. 2, Constitution, may only be compelled to give testimony or produce evidence against another person charged with an offense against the law of this state when legally called upon to do so. The record shows in this case that there was no understanding between this defendant and the trial court, or the prosecuting attorney with the consent of the trial court, that this defendant was to produce this original deed to be used in evidence against his codefendant, Dick Montgomery, and that this defendant was to be used as a witness on behalf of the state against said codefendant, and that this defendant was willing and had agreed to make a full and complete disclosure in good faith, and testify truthfully and fully as to all the material facts within his knowledge, touching the question of the guilt of his codefendant, Dick Montgomery. The production of this deed by defendant through his counsel was by compulsion and against his (defendant's) will. He did not part with its custody voluntarily, nor was he legally called upon to produce it. Its production, under the circumstances, was to relieve him of being in contempt of the trial court, and not for the purpose of using him as a witness against his codefendant. His protection, therefore, arises by virtue of the prohibitions contained in section 21, art. 2, *supra*, and not by reason of the provisions of section 27, art. 2.

For these reasons, we believe that the court did not err in overruling the plea of immunity from prosecution interposed in this case. *Scribner v. State,* 9 Okla. Cr. 465, 132 Pac. 933, Ann. Cas, 1915B, 381.

The other alleged errors relied upon for a reversal are either without merit, or are such as are not likely to arise upon a retrial of this case.

For the reasons given, the judgment of conviction is reversed, and the cause remanded to the district court of Atoka county, with instructions to grant the defendant a new trial, and for further proceedings in accordance herewith.

DOYLE, P. J., and ARMSTRONG, J., concur.