### ALANSKY et al. v. NORTHWEST AIR-LINES, Inc. et al.

#### Civ. No. 977.

District Court, D. Montana, Billings Division.

Feb. 27, 1948.

H. Lowndes Maury and A. G. Shone, both of Butte, Mont., and Charles E. Carlson, of Minneapolis, Minn., for plaintiffs.

John B Tansil, U. S. Dist. Atty., and Franklin A. Lamb, Asst. U. S. Dist. Atty., both of Billings, Mont., and Linus J. Hammond, U. S. Dist. Atty., of St. Paul, Minn., for defendants.

PRAY, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq., commenced by the widow and son, sole heirs at law, of Anthony W. Alansky, who was a member of the Armed Forces of the United States, for injuries resulting in his death, caused, as alleged, by the negligence of the defendants while on active duty.

The immediate question at this time arises on the motion of the United States of America, one of the defendants above named, for summary judgment as to such defendant for the alleged reason that the provisions of the above entitled Act are not applicable to this defendant under the facts in this case.

Briefly stated for the purpose of this motion the complaint alleges that decedent was riding as a passenger upon a transcontinental airplane owned by the defendant, the United States of America, and operated by the Northwest Airlines, Inc., and when in flight at or near Billings, Montana, the plane was caused to fall and crash to the ground, and as a result thereof deceased was caused to suffer and sustain injuries which directly and proximately caused his death, and that such injuries and death were solely due to, and proximately caused by the joint negligence of the defendants and each of them in the ownership, maintenance, inspection, repair, management, operation and control of said aircraft.

It appears from the complaint that the decedent at the time of his death was an officer in the military forces of the United States, and was being transported from Newark, New Jersey to Seattle, Washington, where he was to be discharged. Companion actions are pending in the above court to recover for injuries to and death of other Army officers who were riding upon the same airplane and who were victims of the same accident

The principal contention in support of the motion for summary judgment is that Congress by the Act never intended to authorize members of the military forces of the United States to maintain actions to recover for injuries sustained or death incurred, caused by the negligence of others, while on active duty. The reason given for this interpretation of the Act is that, in the interests of soldiers, veterans and their dependents, the United States has already provided compensation for such injuries and damage in disability and pension allowances and insurance benefits, and also that it was not the intention of Congress to open up a new field for recovery of claims already provided for.

Plaintiff further alleges that under the laws and decisions of the state of Montana, where said cause of action occurred and accrued, a cause of action for death by wrongful act may be instituted, prosecuted and maintained by the heirs of a deceased person who was over the age of twenty-one years at the time of his death, and that in said action such damages may be awarded as under all of the circumstances of the case may be just. The deceased is alleged to have been twenty-seven years of age at the time of the accident.

Under the terms of the Act, Section 410 (a), which appear to be plain and unequivocal, jurisdiction is conferred upon this court, in such a claim as the one above described: "to hear, determine, and render judgment on any claim against the United States, for money only, accruing on and after January 1, 1945, on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this title, the United States shall be liable in respect of such claims, to the

same claimants, in the same manner, and to the same extent, as a private individual under like circumstances, except that the United States shall not be liable for interest prior to judgment, or for punitive damages. * * * Costs shall be allowed in all courts to the successful claimant to the same extent as if the United States were a private litigant, except that such costs shall not include attorneys' fees."

The following definitions found in Section 402(b) and (c) would apply: "(b) 'Employee of the Government' includes officers or employees of any Federal agency, member of the military or naval forces of the United States, and persons acting on behalf of a Federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." "(c) 'Acting within the scope of his office or employment', in the case of a member of the military or naval forces of the United States, means acting in line of duty." Twelve exceptions from the application of the Act appear in Section 421, but the only one requiring consideration here is: "(j) Any claim arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war."

Much of the Government's able and comprehensive brief in the preliminary stages has to do with questions about which there can be no real controversy, and which do not contribute to any material extent in affording an answer to the principal question submitted to the court in this proceeding. The court must here determine whether Congress really intended in the passage of the Act to provide this additional source of relief for the soldiers and sailors, in which the language employed so clearly would seem to indicate. It being the contention of counsel that the relief now provided for soldiers and sailors by the system and code of laws established by Congress for their benefit, and which have continued in force over a long period of time, should weigh heavily in the interpretation of the present Act, although that legislative body has, in plain English, expressed its will, as the court understands the language as applied to this case. In an extended brief, citing many authorities and statutes, counsel have advised the court that there is presented here a settled policy of the Government in respect to a particular subject, to wit: relief for soldiers, and sailors and veterans; and that such settled policy has been so long recognized and firmly established, that it seems extremely doubtful whether Congress would at this time undertake such a radical change as is here proposed by general legislation. In the construction of the Act itself the court is bound by the ordinary rules of interpretation, one of which is found in Takao Ozawa v. United States, 260 U.S. 178, 43 S.Ct. 65, 67 L.Ed. 199, a decision written by Mr. Justice Sutherland, which has often been quoted as an authority and guide to construction. The above authority might be especially helpful as a guide in the interpretation of a statute where a reversal of public policy is indicated and also where there might be some serious doubt as to intent and meaning by reason of a seeming conflict in terms after giving to the words employed their natural significance But this rule urged by counsel in application here, as it seems to the court, could not be so construed and applied as to read into the Act a meaning directly opposed to that which is so plainly expressed.

From a perusal of the Act it is clear that Congress intended to leave no uncertainty in definitely defining and explaining the relationship between the members of the Armed Forces and the Government. Employees of the Government include members of the military or naval forces of the United States, and their claims are entitled to be heard as provided in the Act, unless such claims arise out of combatant activities of the military or naval forces, or the Coast Guard, during time of war; providing such claims meet the requirements of Section 410(a) of the Act, as above quoted. No other claimants under the Act have been more prominently and explicitly described than the soldier and sailor, as being included in its provisions. An able and well reasoned opinion is found in the case of Jefferson v. United States, D. C., 74 F.Supp. 209, rendered last October in the Federal District Court for the District of Maryland, upon which counsel for the plaintiff have expressed firm re-

559

liance and wherein the principal questions, which are also involved in the present case, are there analyzed and discussed in a manner calculated to carry conviction.

The question of governmental immunity from suit has been discussed in the briefs. In Keifer & Keifer v.' Reconstruction Finance Corporation, 306 U.S. 381, 59 S.Ct. 516, 518, 83 L.Ed. 784, in providing for independent corporate agencies to meet government requirements, Mr. Justice Frankfurter said: "Congress has provided for not less than forty of such corporations discharging governmental functions, and without exception the authority to-sue-and-be-sued was included. Such a firm practice is partly an indication of the present climate of opinion which has brought governmental immunity from suit into disfavor, partly it reveals a definite attitude on the part of Congress which should be given hospitable scope."

After considering the Act in question, the briefs of counsel for the respective parties and the authorities relied upon, it seems unnecessary further to extend this argument. Counsel has referred to the decision of Mr. Justice Holmes in Johnson v. United States, 163 F. 30, 32, 18 L.R.A.,N.S., 1194, which would seem to afford an appropriate conclusion here: "The legislature has the power to decide what the policy of the law shall be, and if it has intimated its will, however indirectly, that will should be recognized and obeyed." In the instant case, in respect to the Tort Claims Act, it would seem that Congress has directly expressed its will. The court is therefore of the opinion that the motion for judgment on the pleadings should be overruled, and such is the order of the court herein, with exception allowed the defendant. However, because of the importance of the principal question presented here, affecting, as it does, so many cases of like character now pending in the courts, it may be understood that the motion is overruled with the right reserved for further consideration at time of trial. In the meantime the decision of a higher court may be forthcoming to clear the atmosphere of any doubt that might exist as to the correct interpretation of the Act.