UNITED STATES v. COHN et al.

(Circuit Court, S. D. New York. January 17, 1906.)

CONSPIRACY—CONCEALMENT OF PROPERTY BY BANKRUPT—INDICTMENT.

An indictment will lie under Rev. St. § 5440 [U. S. Comp. St. 1901, p. 3676], making it an offense to conspire to commit any offense against the United States where any act is done to effect the object of the conspiracy, for conspiracy to conceal from the trustee of one of the defendants in bankruptcy, property belonging to his estate in bankruptcy, in violation of Bankr. Act July 1, 1898, c. 541, § 29b, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433], which makes it a criminal offense for any person "while a bankrupt" to conceal property of his estate from his trustee; and such indictment is not demurrable because the date of the conspiracy and concealment is laid prior to the bankruptcy proceedings where it is charged as a part of the conspiracy that a plan was formed to bring about such proceedings pursuant to which the property was removed and concealed, purposely omitted from the bankrupt's schedules, and kept concealed from the trustee after his appointment.

On Demurrer to Indictment.

Henry L. Burnett, U. S. Dist. Atty.

Feltenstein & Rosenstein, for defendants.

HOLT, District Judge. This is a demurrer to an indictment. The indictment alleges, in substance, that the defendants entered into a conspiracy to conceal from the trustee property belonging to an estate in bankruptcy. The date at which the crime is alleged to have been committed was before bankruptcy proceedings were begun, and the substantial ground of the demurrer is that, as the bankrupt act does not make any act for the fraudulent concealment of property a crime, if committed before the proceedings in bankruptcy are begun, a conspiracy to commit such acts, entered into before the bankruptcy, is not a crime. The indictment is brought under section 5440 of the Revised Statutes [U. S. Comp. St. 1901, p. 3676], and section 29b of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433]). Section 5440 provides that, if two or more persons conspire to commit any offense against the United States, and one or more of such parties do any act to effect the object of the conspiracy, they are criminally liable. Section 29b of the bankrupt act provides that it is a crime for a person to knowingly and fraudulently conceal, while a bankrupt, from his trustee, any of the property belonging to his estate in bankruptcy. This provision of the bankrupt act does not make any act of the bankrupt before the bankruptcy criminal. But if a bankrupt, before the bankruptcy, has concealed his property, and, after his trustee is appointed, continues to conceal it from the trustee, he is criminally liable under this section, and, if indicted for such crime, evidence of his acts of concealment before the bankruptcy, as well as of those subsequent thereto, would undoubtedly be admissible as part of the res gestæ. A conspiracy to commit a crime always, in the nature of the case, precedes the commission of the crime; and, in my opinion, it does not follow, because, at the time that a conspiracy is entered into to conceal property from a trustee, no trustee has been appointed and no

proceedings in bankruptcy begun, that therefore the crime of conspiracy under section 5440 cannot have occurred.

The indictment alleges, as a part of the conspiracy, a plan to bring about the filing of petitions in involuntary bankruptcy and adjudications thereon, and that, pursuant to the conspiracy, property was removed and concealed before the proceedings were taken, was intentionally omitted from the schedules, and was kept concealed from the trustee after his appointment and qualification. In my opinion, such a conspiracy constitutes a criminal offense. The true test is could a conviction be had if no bankruptcy proceedings were ever taken. I think it could, if, in addition to the organization of the conspiracy, any of the parties to it did any act to effect the object of the conspiracy. Undoubtedly, a criminal prosecution, in such a case, would be harsh and unusual; but, in my opinion, a crime would have been committed in such a case, even if no proceedings in bankruptcy were, in fact, ever taken. A conspiracy to murder joined with a single act done by the conspirators to effect the object of the conspiracy would be a crime under section 5440, and would not cease to be a crime because no murder was committed.

My conclusion is that the demurrer should be overruled.