STEIGMAN et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. January 30, 1915. Rehearing Denied March 3, 1915.)

No. 1876.

1. CRIMINAL LAW ⬡1149—APPELLATE PROCEEDINGS—REVIEW—MOTION TO QUASH INDICTMENT.

It is a rule of the federal courts that a motion to quash an indictment is ordinarily addressed to the discretion of the court, and its action will not be reviewed by an appellate court, except in cases where the failure to properly exercise judicial discretion amounts to a denial of justice.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3039–3043, 3058; Dec. Dig. ⬡1149.]

2. CONSPIRACY ⬡43—SUFFICIENCY OF INDICTMENT.

In an indictment under Cr. Code (Act March 4, 1909, c. 321) § 37, 35 Stat. 1096 (Comp. St. 1913, § 10201), for conspiracy to commit an offense against the United States by concealing property from a trustee in bankruptcy, in violation of Bankr. Act July 1, 1898, c. 541, § 29b(1), 30 Stat. 554 (Comp. St. 1913, § 9613), an averment of the appointment of a trustee is not an essential allegation, since the crime charged might be committed, although no trustee was ever appointed.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. ⬡43.]

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. INDICTMENT AND INFORMATION ⬤⟳125—INDICTMENT—DUPLICITY.
  An indictment charging a bankrupt and another with conspiracy to conceal property from the bankrupt's trustee, and also alleging such concealment by the bankrupt, is not bad for duplicity.
  [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. ⬤⟳125.]

4 CONSPIRACY ⬤⟳37—MERGER OF OFFENSES.
  The doctrine of merger of offenses does not apply as between misdemeanors, and hence a misdemeanor which is the object of a conspiracy is not merged in the latter offense, nor is the offense of conspiracy merged in the consummated misdemeanor.
  [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 68–70; Dec. Dig. ⬤⟳37.]

In Error to the District Court of the United States for the District of New Jersey; Thos. G. Haight, Judge.

Criminal prosecution by the United States against Louis Steigman and David Steigman. From a judgment of conviction, defendants bring error. Affirmed.

The evidence for the government tended to prove the following facts: Louis Steigman was engaged in the retail clothing business in Plainfield, N. J., and his brother, David Steigman, was engaged in the same business in New Brunswick, N. J. In March, 1913, the store of David Steigman was burned, and in September, 1913, he opened a new store and conducted fire sales and other special sales until December 24, 1913. In the fall of 1913, Louis Steigman purchased goods in unusual quantities, for which he failed to make payments. The goods so purchased, or a substantial part of them, were from time to time shipped or carted from his store in Plainfield to the store of David in New Brunswick. By this method, the stock of Louis was depleted and the stock of David correspondingly augmented. On December 23, 1913, Louis admitted bankruptcy, and on December 24, 1913, an involuntary petition in bankruptcy was filed against him. On the day upon which Louis admitted bankruptcy, arrangements were made by David and Louis for the removal of the entire stock from the store of David. Early on the morning of December 24th, being the day upon which the involuntary petition in bankruptcy was filed against Louis, two men, with whom the alleged arrangement for the removal of the goods had upon the previous day been made, opened the store of David, loaded all the goods in a van, and took them away. The defendants introduced testimony to show that the transfer of goods from one store to the other constituted transactions in the ordinary course of business.

Benjamin M. Weinberg, of Newark, N. J., for plaintiffs in error.
Walter H. Bacon, of Bridgeton, N. J., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge (after stating the facts as above). The defendants were indicted for conspiracy under section 37 of the United States Criminal Code (section 5440, Revised Statutes), to violate section 29b of the Bankruptcy Act of July 1, 1898, and upon trial were convicted. Section 5440, R. S., under which the charge of conspiracy was made, provides that "if two or more persons conspire * * * to commit any offense against the United States, * . * * and one or more of such parties do any act to effect the object of the conspir-

acy," they shall be punished in the manner prescribed; and the law of the United States which it is alleged the defendants conspired to offend, being section 29b of the Bankruptcy Act, provides punishment for a person upon conviction for "having knowingly and fraudulently concealed while a bankrupt * * * from his trustee any of the property belonging to his estate in bankruptcy."

The assignments of error are numerous, and extend to the sufficiency of the indictment, the relevancy of the testimony, and the charge of the court. The error most insistently urged to have been committed by the court below was its refusal to grant a motion to quash the indictment.

[1] It has been ruled by this and other Circuit Courts of Appeal that a motion to quash an indictment is ordinarily addressed to the discretion of the court, and will not be reviewed by an appellate court save in cases where the failure to properly exercise judicial discretion amounts to a denial of justice. Carlisle v. United States, 194 Fed. 827, 114 C. C. A. 531; Hillegass v. United States, 183 Fed. 199, 105 C. C. A. 631. The case presented is not within the exception of the rule, but the defects charged to exist in the indictment are so related to the subject-matter of other applications made at the trial, that we feel justified in giving this specification of error consideration in this opinion which otherwise would be withheld.

The indictment charged that Louis and David Steigman unlawfully conspired and fraudulently agreed together that Louis Steigman should commit an act of bankruptcy, and thereafter be adjudged bankrupt, and that, while a bankrupt, he (Louis Steigman) should knowingly and fraudulently conceal from the trustee of his estate in bankruptcy certain described property thereto belonging, and alleged acts in furtherance of the design, substantially as recited in the statement of the case.

The first and principal matter urged as a defect in the indictment is that "the indictment failed to show that a trustee in bankruptcy for the said Louis Steigman was ever appointed." In support of this contention, the defendants cited no case directly in point, but relied upon deductions from cases decisive of altogether different matters. Alkon v. United States, 163 Fed. 810, 90 C. C. A. 116; Kerrch v. United States, 171 Fed. 366, 96 C. C. A. 258; Gilbertson v. United States. 168 Fed. 672, 94 C. C. A. 158; Pettibone v. United States, 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed. 419.

[2] The precise question raised by this specification is whether, in an indictment charging conspiracy to conceal property from a trustee, an allegation of the appointment of a trustee is an essential allegation, or whether the failure to make such an allegation violates the cardinal rule of criminal pleading that everything made essential to constitute the crime must be alleged. The crime charged by the indictment is conspiracy, and it has been held that:

"The crime of 'conspiracy' is sufficiently charged if it be stated that two or more persons, naming them, conspired (that is, agreed together) to commit some offense against the United States (that is, commit some act declared to be a crime by some statute of the United States); and it is also charged that one or more of such parties did an act to effect (that is, carry out) the object of such conspiracy. * * * In charging a conspiracy to

commit a crime against the United States and overt acts done to effect the object of such conspiracy, it is not necessary to allege that the crime which the parties conspired to commit was actually committed, or that any act in and of itself evil was done in aid of effecting the object of such conspiracy." United States v. Wupperman (D. C.) 215 Fed. 135; Ryan v. United States, 216 Fed. 13, 31, 132 C. C. A. 257.

The crime of conspiracy as contemplated by section 5440, R. S., has its origin in an agreement between two or more persons to do an act prohibited by law, and it is completed when an overt act is done toward that end, without regard to a violation of the law by the consummation of the act prohibited. In United States v. Cohn et al. (C. C.) 142 Fed. 983, a charge of conspiracy against the defendants was made under the same statute and alleged substantially the same acts as in the case under consideration. It was demurred to upon the ground that the acts of concealment were committed before the proceedings in bankruptcy were begun, and the contention was made that a conspiracy to commit such acts before bankruptcy is not a crime. In overruling the demurrer, the court said:

"A conspiracy to commit a crime always, in the nature of the case, precedes the commission of the crime; and in my opinion it does not follow, because at the time that a conspiracy is entered into to conceal property from a trustee no trustee has been appointed and no proceedings in bankruptcy begun, that therefore the crime of conspiracy under section 5440 cannot have occurred. The indictment alleges, as a part of the conspiracy, a plan to bring about the filing of petitions in involuntary bankruptcy and adjudications thereon, and that, pursuant to the conspiracy, property was removed and concealed before the proceedings were taken, was intentionally omitted from the schedules, and was kept concealed from the trustee after his appointment and qualification. In my opinion, such a conspiracy constitutes a criminal offense. The true test is: Could a conviction be had if no bankruptcy proceedings were ever taken? I think it could, if, in addition to the organization of the conspiracy, any of the parties to it did any act to effect the object of the conspiracy. Undoubtedly a criminal prosecution in such a case would be harsh and unusual; but, in my opinion, a crime would have been committed in such a case, even if no proceedings in bankruptcy were in fact ever taken. A conspiracy to murder, joined with a single act done by the conspirators to effect the object of the conspiracy, would be a crime under section 5440, and would not cease to be a crime because no murder was committed."

In Williamson v. United States, 207 U. S. 425, 28 Sup. Ct. 163, 52 L. Ed. 278, the Supreme Court held that under section 5440, R. S., the conspiracy to commit a crime against the United States is itself the offense, without reference to whether the crime which the conspirators have conspired to commit is consummated.

In view of the fact that in this case the defendants were charged by indictment with the crime of conspiring to violate a statute of the United States, and were not charged by the indictment with the actual violation of that statute, we are of opinion that the appointment of a trustee was not essential to complete the offense of conspiracy, and therefore the allegation of the appointment of a trustee was not essential in charging that offense. In determining what is essential in charging a crime, the test is not whether the charge might possibly have been made with greater particularity and certainty, but whether it contains every element of the offense intended to be charged, sufficient

to apprise the defendant of what he must be prepared to meet, and to sustain a plea of former conviction or acquittal in case of a second indictment for the same offense. Cochran v. United States, 157 U. S. 286, 290, 15 Sup. Ct. 628, 630, 39 L. Ed. 704; Houston v. United States, 217 Fed. 852, 856, 133 C. C. A. 562; United States v. Shevlin (D. C.) 212 Fed. 343, 344. We are of opinion that the indictment meets this test, and that the court below, either on the motion to quash, or as the same matter subsequently appeared, committed no error in holding the indictment sufficient.

[3] The contention that the "indictment was bad for duplicity, in that it charged in the same count two different crimes, without distinguishing which crime either of the defendants was indicted for," is wholly without merit. Two crimes are alleged, but one crime is charged. The crime of conspiracy is the one charged, and it is charged against both defendants. The crime of conspiracy, from its very nature, precedes or contemplates the perpetration of another offense, and a charge of conspiracy under the statute, without an allegation of the offense to which the conspiracy relates, as being intended or consummated, would be wholly impossible of statement.

There is no duplicity in an indictment which alleges that Louis Steigman unlawfully concealed property from his trustee in bankruptcy, and charges a conspiracy between Louis Steigman and David Steigman to procure the doing of that very thing. Heike v. United States, 227 U. S. 131, 33 Sup. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128.

[4] It is contended by the defendants that the crime of conspiracy charged against Louis and David Steigman has been merged in the completed crime alleged against Louis Steigman alone. To the abstruse argument presented in support of this contention we are not inclined to yield. The logical consequence of this argument, if upheld, is to make impossible conviction of either one or both of two persons for conspiring to violate the provision of the Bankruptcy Act against the concealment of property in every instance where the substantive crime has been consummated by one of them. The doctrine of merger is invoked, where the same act constitutes a misdemeanor and a felony; but where conspiracy and the executed act are crimes of equal grades, one cannot be merged in the other. 5 R. C. L. 1077, 1078. This general doctrine was recognized and applied by this court in the case of Berkowitz v. United States, 93 Fed. 452, 35 C. C. A. 379. In that case the court held the doctrine of merger of offenses does not apply as between misdemeanors, and hence a misdemeanor, which is the object of a conspiracy, is not merged in the latter offense, nor is the offense of conspiracy merged in the consummated misdemeanor.

In Berkowitz v. United States, supra, this court held that conspiracy under section 5440, R. S., whether to commit a misdemeanor or a felony, is, as it was at common law, not a felony, but merely a misdemeanor. It is recognized that offenses against section 29 of the Bankruptcy Act are not felonies, but are merely misdemeanors. 2 Loveland on Bankruptcy, 1226. The conspiracy charged in this case

being a misdemeanor, and the offense contemplated or committed in pursuance thereof being likewise a misdemeanor, the doctrine of merger cannot be invoked.

The remaining specifications to the sufficiency of the indictment, which go to the certainty and particularity of the property concealed, are entirely without merit.

The offense of conspiracy to commit the offense of concealing goods from a trustee in bankruptcy is, from the very nature of the acts done or contemplated, difficult to prove. Conspiracies are not hatched or engaged in openly, and the concealment of goods, as indicated by the word itself, is done with secrecy. When these or either of these offenses are susceptible of proof by direct testimony, it is more accidental than usual, and, as a result, evidence in proof of either must be largely, and usually is wholly, circumstantial. Such was the character of the testimony admitted in this case, which we find quite sufficient to sustain the verdict rendered. In admitting this testimony, and submitting it to the jury with its instructions upon the law, we find no error committed by the trial court.

The judgment below is affirmed.