### BILLINGSLEY et al. v. UNITED STATES (two cases).

### BILLINGSLEY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 5, 1918. Rehearing Denied May 13, 1918.)

#### Nos. 3022–3024.

1. CRIMINAL LAW ⬤274, 1149—PLEAS—WITHDRAWAL. ·
    Granting leave to withdraw pleas of guilty and enter pleas of not guilty to an indictment is discretionary with the trial court, and its discretion is not reviewable.

2. CONSPIRACY ⬤28—OFFENSE—OVERT ACT.
    The offense of conspiracy to commit a crime may be consummated by the doing of some overt act to effectuate the purpose, although the crime be not actually committed.

3. CRIMINAL LAW ⬤59(1)—"PRINCIPAL."
    In view of Pen. Code (Act March 4, 1909, c. 321) § 332, 35 Stat. 1152 (Comp. St. 1916, § 10506), declaring that any one who aids, abets, counsels, or procures the commission of an offense is a principal, defendants, where they conspired with agents of a common carrier to violate section 238 (Comp. St. 1916, § 10408), making it an offense to knowingly deliver certain interstate shipments of intoxicants to any one other than the consignee, are indictable as principals, though they were not agents or employés of any railroad or common carrier.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Logan Billingsley and Fred Billingsley pleaded guilty to an indictment charging conspiracy to violate Pen. Code, § 238 (Comp. St. 1916, § 10408), while Logan Billingsley, who, with others, was charged with conspiracy to violate Act Feb. 4, 1887, c. 104, 24 Stat. 379, entitled "An act to regulate commerce," pleaded guilty, as did both of the named defendants, to an indictment charging conspiracy to violate Pen. Code, § 238, and "An act to regulate commerce." Their motion for leave to withdraw their pleas of guilty and be permitted to enter pleas of not guilty having been denied (242 Fed. 330), the named defendants bring error. Affirmed.

Bell & Hodge, of Seattle, Wash., for plaintiffs in error.

Clay Allen, U. S. Atty., of Seattle, Wash., and Clarence L. Reames, U. S. Atty., of Portland, Or.

Before GILBERT and HUNT, Circuit Judges, and WOLVER-TON, District Judge.

WOLVERTON, District Judge. The three above-entitled cases, in which the Billingsleys, one or both, were defendants below, may be considered together. In the first, Logan and Fred Billingsley were charged with conspiracy to violate section 238 of the Penal Code (Comp. St. 1916, § 10408). Both pleaded guilty. In the second, Logan Billingsley, with others, was charged in two counts with conspiracy to violate the act of Congress approved February 4, 1887 (24 Stat. 379, c. 104), entitled "An act to regulate commerce." Billingsley pleaded guilty to count 1 of the indictment. In the third, the Billingsleys were indicted by three counts. In two of the counts they were charged with conspiracy to violate section 238 of the Penal Code, and in the other count with conspiracy to violate the act to regulate commerce. Both these defendants pleaded guilty to all three of the counts. Subsequently the Billingsleys moved the court for leave to withdraw their pleas of guilty, and to be permitted to enter pleas of not guilty. The motion in each case was denied, and exceptions were saved. A writ of error in each case is now prosecuted to this court, on the grounds, first, that the court committed error in denying the motion for leave to withdraw the pleas of not guilty; and, second, that the indictment does not state facts sufficient to constitute an offense against the government.

[1] As to the first assignment of error, the law is settled in this court contrary to defendants' contention. Andrews v. United States, 224 Fed. 418, 139 C. C. A. 646. The matter of granting leave to withdraw the pleas of guilty was one discretionary with the trial court, and is not reviewable. It may be added here, however, that the record shows nothing but the bare motions for leave to withdraw the pleas of guilty. There were no affidavits filed, nor other showing made, in support of them, and there is absolutely nothing here to indicate in the smallest particular that the trial court abused its discretion in denying the motions. The assignment of error is therefore wholly without merit.

[2, 3] As it respects the sufficiency of the indictments, it is urged that they are defective, as related to the alleged conspiracy to violate section 238 of the Penal Code, because they do not show, nor attempt to show, that the defendants were, or at any time had been, officers, agents, or employés of any railroad company, or other common carrier, engaged in interstate commerce.

Section 238 denounces the act of any officer, agent, or employé of any railroad company, express company, or common carrier in doing the things there interdicted. The thought must not be lost sight of that the indictments are for conspiracy to commit an offense, not for committing the offense itself. We must look, therefore, to the statute defining conspiracy for the purpose of ascertaining whether the

indictments state facts essential to constitute that particular offense. It is unnecessary to state the elements essential to a conspiracy under the statute. They are so well known that it would be a work of supererogation to do so. Any person who aids, abets, counsels, commands, induces, or procures the commission of an offense against the United States is a principal, and may be so charged. Section 332, Penal Code (Comp. St. 1916, § 10506).

William H. Pielow and William Frazier are charged along with the Billingsleys as co-conspirators. Pielow was an officer, agent, and employé of a transfer company, or common carrier, and Frazier was also an employé of a transfer company, which companies had a part in the transportation of intoxicating liquors unlawfully brought into the state of Washington from the state of California. So it may be seen that the Billingsleys were at least aiding and abetting in the unlawful transportation of intoxicants into the state of Washington. While the Billingsleys were not officers or employés of a common carrier, they conspired with such officers to commit the offense denounced by the Penal Code. It makes no difference whether the offense was actually committed or not; the conspiracy may, nevertheless, have been committed by the doing of some overt act to effectuate its purpose. There is no reason why a person not an officer may not conspire with an officer to commit the offense, or even why two persons not officers may not conspire to cause the offense to be committed, by prevailing upon officers to do the acts constituting the offense. In this way the conspiracy statute would be transgressed, even if the offense designed to be committed were not actually accomplished. But, if it were accomplished, it would be by the connivance and inducement of the co-conspirators not officers or employés of the common carriers. Being principals, the Billingsleys were indictable along with the officers and employés engaged with them in the common purpose. We hold, therefore, that the indictments are sufficient. For cases of analogy, see United States v. Cohn et al. (C. C.) 142 Fed. 983, and Steigman v. United States, 220 Fed. 63, 135 C. C. A. 131.

Affirmed.