## TAYLOR–CRAIG CORP. v. HAGE.

(Circuit Court of Appeals, Eighth Circuit. August 12, 1895.)

### No. 544.

1. REVIEW ON ERROR—REFUSAL TO DIRECT VERDICT—DEFECTIVE RECORD.

   A refusal to direct a verdict for defendant at the conclusion of the evidence cannot be reviewed where the bill of exceptions only purports to give the substance of the testimony in narrative form, concluding with the words "Testimony closed"; for this does not show affirmatively that all the evidence is set forth, and in the absence of such a showing the court must presume that there was evidence to support the verdict.

2. MASTER AND SERVANT—DANGEROUS MACHINERY—ASSUMPTION OF RISKS.

   An employé engaged in whitewashing the ceiling of a factory was injured by catching his sleeve in the set screws projecting from the coupling of a rapidly revolving shaft. In charging the jury, the court said that it was "claimed" that plaintiff could not see the set screws, when working near the shaft, and that under these circumstances he assumed only the risks of working near a revolving shaft and coupling which were smooth. Plaintiff had testified that a few days before the accident he saw the shaft in course of erection, and observed that it was being put up in sections, which would necessitate the use of couplings; that, when he went to work near the shaft he noticed the coupling, and saw that it was in rapid motion; and that he tried to keep away from it, and was afraid he might get hurt if he touched it. *Held* that, in view of this testimony, the jury might well have inferred that he knew the shaft and coupling were not entirely smooth, for which reason the court's charge was misleading and erroneous.

In Error to the Circuit Court of the United States for the District of Minnesota.

T. T. Fauntleroy (Otto Kueffner and J. N. Searles, on the brief), for plaintiff in error.

John W. Arctander filed brief for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This was a suit for personal injuries which were sustained by Nels Hage, the defendant in error, while

in the employ of the Taylor-Craig Corporation, the plaintiff in error, in the capacity of a journeyman painter and whitewasher. The circumstances under which the injuries were sustained were as follows: The Taylor-Craig Corporation, which will be hereafter termed the "defendant company," was engaged in the general business of erecting, repairing, and fitting up buildings for occupancy. Prior to the injuries complained of, it had entered into a contract with another corporation, the Minnesota Shoe Company, to repair a building, which was to be used as a shoe factory, that had theretofore been partially destroyed by fire. The work of repairing said building had progressed so far at the time of the accident that the defendant company was engaged in whitewashing the ceilings of several of the rooms, in some of which the machinery necessary to be used in the business of manufacturing shoes had already been put in place and in operation by the shoe company. On the occasion of the accident the plaintiff, Nels Hage, was engaged, with some other men, in whitewashing the ceiling of the fourth story of the building. Two revolving shafts had been put in place in that room by the shoe company, which ran from east to west the full length of the room, and were suspended on hangers about 18 or 20 inches below the ceiling. These shafts were put up in sections, the several sections composing each shaft being united at intervals by couplings and set screws. The plaintiff was standing on a scaffolding, the top of which was about six feet from the ceiling, and was engaged in whitewashing the ceiling above one of the shafts, and in close proximity to one of the couplings, when his shirt sleeve came in contact with the coupling, and was caught by one of the set screws. The shaft being at the time in rapid motion, the plaintiff was carried over the shaft, and was thrown violently to the floor, thereby sustaining serious injuries. In his complaint, which was filed in the circuit court of the United States for the district of Minnesota, the plaintiff alleged, in substance, that the defendant company was guilty of a neglect of duty, in failing to furnish him with a reasonably safe place in which to do the work that he was required to do. In support of this charge the plaintiff averred that the defendant company knew, or ought to have known, that the set screws passed through the coupling, and protruded to some extent; that the fact that they did so protrude was not known to the plaintiff, and could not be discovered by him when the shaft was in rapid motion; and that the defendant company carelessly and negligently failed to warn the plaintiff of the existence of said protruding set screws in said coupling when he was set to work on the scaffolding. There was a trial before a jury, which resulted in a verdict and a judgment in favor of the plaintiff. To reverse such judgment the defendant company has prosecuted a writ of error to this court.

At the conclusion of the testimony the defendant company requested the court to instruct the jury to return a verdict in its favor, for the reason that there was no evidence tending to establish the charge of negligence. The refusal of this instruction constitutes one of the chief errors that have been assigned. We are unable, however, to notice the alleged error in refusing the request for a

peremptory instruction, because of the condition in which we find the record. The bill of exceptions only purports to give the substance of the testimony of several witnesses, in a narrative form, and at the conclusion of the evidence which is contained in the bill of exceptions is found the following statement: "Testimony closed." The record therefore not only fails to show affirmatively that it contains all the evidence produced at the trial, but it shows the contrary, as we think, in that it is manifest that, in making up the bill of exceptions, counsel only attempted to give a general summary of the evidence, without reporting the testimony in full or in detail. The rule is well established that whenever a litigant proposes to ask an appellate court to review the testimony, and to determine whether there was any evidence to warrant a recovery or to support a particular defense, he should cause a statement to be inserted in the bill of exceptions showing affirmatively that it contains all the testimony that was heard or produced at the trial. In the absence of such a showing an appellate court must presume, in aid of the verdict, that there was testimony to support it, and that it would so appear if all the evidence had been incorporated into the record. A statement found in a bill of exceptions, after a report of the evidence of various witnesses in a narrative form, that the "testimony closed," falls far short of showing affirmatively that all the evidence has been reported. A statement of that kind merely marks the conclusion of the hearing or the trial. It does not affirm, even by inference, that the bill contains all the evidence; and it is entirely consistent with the assumption that some evidence, either oral or documentary, has been omitted. Elliott, App. Proc. § 823, and cases there cited.

It is further assigned for error that the trial court erred in instructing the jury as follows:

"The evidence in this case shows that, when plaintiff was put to work at the place where he was injured, he saw that there was a shaft and coupling on the same, revolving near by the place in the ceiling where he was to work. It is claimed on the part of the plaintiff that he could not see, or ascertain by the use of his senses, that there were set screws protruding on the coupling, as has been shown to be the fact. Under those circumstances, plaintiff himself assumed all risks and dangers connected with working near a revolving shaft and coupling which was smooth, and not provided with any protruding bolts or screws, but he did not assume the risks connected with working near a coupling provided with protruding bolts or screws, as has been shown to be the fact in this case; and if his injuries were caused by these protruding bolts or screws, and would not have been caused by a smooth coupling, then he cannot have been said to have assumed the risks connected with working near these protruding bolts and screws."

This portion of the charge, when considered in connection with the plaintiff's testimony, appears to us to have been erroneous and misleading. In the course of his examination as a witness, the plaintiff testified, in substance, that two or three days prior to the accident he saw the employés of the shoe company putting up the shaft by which he was subsequently injured, and observed at the time that it was being put up in sections, which would necessitate the use of couplings; that on the morning of the accident, when he was directed to go upon the scaffolding for the purpose of white-

washing the ceiling above the shaft, he noticed the coupling, and saw that the shaft was in rapid motion; that as he began to work he tried to keep away from it, because he was afraid of it, and was apprehensive that he might get hurt if he touched it.   In other words, the plaintiff's own testimony warranted an inference that he knew that the shaft was not perfectly smooth, and that there might be some slight projections in the vicinity of the couplings, which would catch his clothing if it came in contact with the shaft. Under these circumstances it was erroneous to instruct the jury, as the court did instruct it, in substance, that because the plaintiff claimed "that he could not see that there were set screws protruding on the coupling" when it was in motion, therefore he "did not assume the risk connected with working near a coupling provided with protruding bolts or set screws."   If the plaintiff was conscious that he might get hurt if his clothing came in contact with the coupling, and if he tried to keep away from the coupling for that reason, then it would seem to be a reasonable deduction from his testimony that he was aware of the alleged latent dangers connected with the revolving shaft when he began to work in proximity thereto.   The general rule of law stated in the foregoing instruction, that an employé does not assume the risk of being hurt by unknown and latent dangers incident to the place where he is set to work, is not denied; but the important issue in the present case appears to have been whether the alleged latent dangers were not in fact well known to the plaintiff, and assumed by him.   As we have sufficiently shown, there was evidence from which a jury might well have inferred that he knew that the shaft was not entirely smooth, that he might get hurt if his clothing came in contact with it, and that he tried to avoid it for that very reason, but in a thoughtless moment suffered his arm to approach too near to the shaft, and by so doing sustained an injury from the very risk that he had apprehended and assumed. For error in the instruction the judgment is reversed, and the cause is remanded for a new trial.