## CHRISTIANSON v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 17, 1923.)

No. 3819.

1. **Jury ⚖️131(15)—Question to jurors on their voir dire held improper.**

A question propounded to jurors on their voir dire as to what their verdict would be in case there was evidence of guilt, but not sufficient to satisfy them beyond a reasonable doubt, in the absence from the record of anything showing other questions asked or answers given by the jurors, *held* improper and properly excluded.

2. *Courts* ⚖️352—*Rules of state courts not binding on federal courts.*

Rules of state courts respecting examining of jurors on their voir dire are not binding on the federal courts.

In Error to the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Criminal prosecution by the United States against Sybil Christianson. Judgment of conviction, and defendant brings error. Affirmed.

F. E. Wetmore, of Hart, Mich., for plaintiff in error.

Edward J. Bowman, U. S. Atty., of Grand Rapids, Mich.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. [1] Defendant was convicted of violating the National Prohibition Act (41 Stat. 305). The only assignment meriting consideration is addressed to the exclusion by the court of the following question propounded to the jurors on their voir dire examination:

"Q. Supposing, after all the evidence in this case was in, and you had heard the testimony of the witnesses, and the charge of the court, and the argument of counsel, you would feel that you were not just satisfied. there was some evidence that indicated that the defendant was guilty, but you couldn't say to a moral certainty and beyond a reasonable doubt that he was guilty, what would your verdict be in that case, guilty or not guilty?"

The record does not show what other questions were propounded to the jurors by counsel for either the government or the defendant, nor does it appear what statements were made by the jurors upon that examination. It thus does not appear whether or not the jurors, or any of them, had any acquaintance with the defendant, or any opinion regarding the defendant's guilt or innocence, or any bias or prejudice in favor of or against the defendant, or any prejudice against the offense for which defendant was indicted. It was therefore to be presumed that the court, in the final charge, would fully instruct the jury upon the questions of burden of proof and reasonable doubt, and such instructions were in fact given. In these circumstances the question propounded was clearly improper. Connors v. United States, 158 U. S. 408, 15 Sup. Ct. 951, 39 L. Ed. 1033; Watlington v. United States (C. C. A. 8) 233 Fed. 247, 248, 147 C. C. A. 253. The natural tendency of the question would be to confuse the jurors.

[2] In so far as the rule of the Supreme Court of the state may be

thought to be out of harmony with this conclusion, it is enough to say that state rules in these respects are not binding upon the federal courts.

Judgment affirmed.