### GREENSPAHN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. March 1, 1924.)

No. 3305.

1. **Conspiracy** ☞47—**Evidence held to show conspiracy to conceal assets of bankrupt.**

Evidence *held* sufficient to show conspiracy to conceal assets of bankrupt, in violation of Bankruptcy Act, § 29b (Comp. St. § 9613).

2. **Conspiracy** ☞47—**Defendant's participation in conspiracy to conceal assets of bankrupt held to sufficiently appear.**

In prosecution for conspiracy against United States, by violating Bankruptcy Act, § 29b (Comp. St. § 9613), evidence *held* sufficient to warrant finding of defendant's participation in conspiracy.

3. **Conspiracy** ☞45—**Conspiracy to conceal assets of bankrupt does not require proof of appointment of trustee or pendency of bankruptcy proceedings.**

Conspiracy to violate Bankruptcy Act, § 29b (Comp. St. § 9613), by concealing assets of a bankrupt, may be shown without any proof of appointment of trustee, or of pendency then or thereafter of bankruptcy proceedings.

4. **Criminal law** ☞24—**Law violators held to contemplate ensuing consequences.**

Where insolvents, heavily in debt and evidently reaching a crisis in their affairs, deliberately conceal a tangible part of their assets, they should be held to have had in contemplation that normal consequences would ensue, that bankruptcy laws would have application, that trustee would in due course be constituted, and that they were violating or conspiring to violate Bankruptcy Act, § 29b (Comp. St. § 9613), relating to concealment of assets.

5. **Criminal law** ☞1144(13)—**He who claims evidence does not support judgment must bring up all evidence, to avoid presumptions supporting judgment.**

He who attacks judgment on ground that evidence does not support it must bring up all evidence, else it will be presumed in favor of judgment that there was before court evidence to sustain it; but this does not mean evidence in extenso, but its substance, bearing on all controverted propositions.

6. **Criminal law** ☞1104(3)—**Parts of documents not bearing on issue to be omitted from transcript.**

So-called formal parts of documents should be omitted from transcript, but parts usually formal are material when they bear on point in issue, and parts, however voluminous, not bearing on issue should be omitted.

7. **Criminal law** ☞1141(2)—**That exhibits lost does not relieve party attacking judgment for lack of evidence.**

Mere fact that exhibits are lost does not relieve one attacking judgment for lack of evidence to sustain it from bringing before reviewing court substance of all evidence bearing on disputed proposition of fact.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**8. Criminal law ⊷1110(1)—Defendant given reasonable opportunity to bring up evidence to show judgment not supported.**

Transcript not showing that venue was proven, but, it appearing that all evidence was not before the court, and government having lost exhibits, defendant was given 30 days in which to present a duly certified transcript of additional bill of exceptions of evidence bearing on question of venue; otherwise, judgment to stand affirmed.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Samuel Greenspahn was convicted of conspiracy to commit an offense against the United States, and brings error. Defendant given 30 days to present certified transcript of additional bill of exceptions of evidence; otherwise, affirmed.

Benjamin C. Bachrach, of Chicago, Ill., for plaintiff in error.

Edward J. Hess, of Chicago, Ill., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. Plaintiff in error, Greenspahn, and his codefendants, Isadore and Hyman Marco, were convicted and sentenced under an indictment charging conspiracy to commit an offense against the United States by violating section 29b of the Bankruptcy Act (Comp. St. § 9613), which provides:

"A person shall be punished, by imprisonment for a period not to exceed two years, upon conviction of the offense of having knowingly and fraudulently concealed while a bankrupt, or after his discharge, from his trustee, any of the property belonging to his estate in bankruptcy."

For reversal of the judgment, it is contended that the evidence did not warrant Greenspahn's conviction, in that it did not show the conspiracy charged, or his participation, and that the venue of the offense was not proved.

[1] That there was abundant proof of a conspiracy to conceal assets cannot well be doubted. Defendant Isadore Marco started a store on Milwaukee avenue, Chicago, in August, 1921, conducting business there until November, 1922. He had a stock of goods and was in debt. Business was not good, but in August, September, and October, 1922, he made extraordinary purchases of merchandise on credit of upwards of $54,000. Early in November, 1922, on the insistence of creditors, he made an assignment for the benefit of creditors to a representative of John V. Farwell Co. The assets, then inventoried at cost price, were $21,000, about $3,000 of which was in another store on Fullerton avenue. All goods were received at the Milwaukee avenue store, and some were taken to the Fullerton avenue store. Before the assignment 25 cases of the goods were taken by the other Marco to a storage warehouse, where he stored them in an unknown name, and, just before the assignment, were withdrawn by him, signing that name to the warehouse receipts. Other removals of goods from the stores also were shown.

[2] Greenspahn's participation sufficiently appears. He was a relative of Isadore Marco's wife, and when the Milwaukee avenue store was opened was employed as its manager, and conducted the business.

⊷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

298 F.—47

He was largely the buyer of the goods, and had charge of selling them, and kept some books, though none subsequently appeared. He received these recently purchased goods, and upon such of the cases of the goods as were taken from the store he scraped off all names and marks of identification. There was evidence that Greenspahn himself carried goods away in a touring car, and that considerable merchandise which was there evenings was gone the following mornings.

Greenspahn alone testified for the defense, explaining that some of the goods he had taken away were taken to a sister's house—goods which she had bought of Marco and paid for at the wholesale price; the goods being charged to Marco. He said that the other goods he had taken were taken to or from the other store. His explanation of the significant act of removing all marks of identification from the cases which were taken away unopened is that his employer was heavily in debt, and had told him that he feared creditors might undertake to replevin the goods, and that, in order to prevent their identification, he had instructed Greenspahn to obliterate the marks. But the jury was not bound to believe that this was in furtherance of the fraudulent plan to which he testified, rather than in execution of the conspiracy charged, and which the evidence for the government tended to establish.

[3] It is urged that the fact of the assignment for the benefit of creditors indicates absence of any purpose to conceal property from a trustee in bankruptcy. While no witness testified that a bankruptcy proceeding was in actual contemplation of the alleged conspirators, this does not necessarily bar conviction for a conspiracy to violate section 29b. Conspiracy to violate this section may be shown, without any proof of appointment of a trustee, or of pendency then or thereafter of bankruptcy proceedings. Meyer v. United States, 258 Fed. 212, 169 C. C. A. 280; Steigman v. United States, 220 Fed. 63, 135 C. C. A. 631; Radin v. United States, 189 Fed. 568, 111 C. C. A. 6; United States v. Cohn (C. C.) 142 Fed. 983.

[4] Persons must be held to intend the natural and reasonable consequences of their acts. Where insolvents, heavily in debt and evidently reaching a crisis in their affairs, deliberately conceal a considerable part of their tangible assets, they should be held to have had in contemplation that the normal consequences would ensue, that the bankruptcy laws of the land would have application, and that a trustee in bankruptcy would in due course be constituted. The execution of a deed of assignment for benefit of creditors of the remnant of the assets does not negative the reasonable inference of a probable bankruptcy. Indeed, the assignment itself was an act of bankruptcy, which was in this case, as generally, quickly followed by the bankruptcy proceedings. The jury had the right to conclude from the evidence that the alleged conspirators had in contemplation that bankruptcy would follow these acts, and a trustee be constituted from whom ultimately the property would be concealed, if the conspiracy proved successful. We are satisfied that, apart from the question of venue, the evidence justified the verdict.

[5, 6] Respecting the venue, it may be said that the transcript before us discloses nothing which indicates that the alleged offense was committed in the district wherein the venue was laid by the indictment. In

this case, as in most others, where the question of venue has arisen, it was not specifically pointed out to the court, at the time of the motion to direct a verdict, that the venue of the offense was not proven. The mere suggestion before verdict would quite inevitably result in adduction of the usually available proof. In Wallace v. United States, 243 Fed. 300, 156 C. C. A. 80, the advisability of offering direct proof on this issue was pointed out; but it was there concluded that sufficient proof of the venue circumstantially appeared.

The circumstances here are peculiar. In the bill of exceptions the commendable practice of presenting the evidence in abbreviated form was followed. When it was for the first time here contended that there was no proof of venue, the government asked that its exhibits, which were in evidence, be certified and sent to this court. But it appears that the exhibits were lost, and it may be assumed that they were lost while in the government's possession. The bill of exceptions as presented has the approval of the district attorney and the usual certificate of the judge that it contains all the evidence. Counsel for plaintiff in error insists that it sufficiently discloses the substance of these exhibits, and, since nothing appears which bears on the question of venue, it must be presumed that the exhibits themselves showed nothing respecting it. The government contends that it appears from the transcript itself that there were exhibits admitted, and, since they are not set out, it will be presumed, in favor of the judgment, that the exhibits did, as they might, show the venue.

It is unquestionably the rule that he who attacks a judgment on the ground that there is no evidence to support it must bring up all the evidence, else it will be presumed in favor of the judgment that there was before the court evidence to sustain it. By all the evidence is not meant the evidence in extenso, but its substance, bearing on all controverted propositions. So-called formal parts of documents should be omitted, but parts usually formal may be material, when they bear upon a point in issue, and parts, however voluminous, if not bearing on any issue, should be omitted.

It is conceivable that the warehouse receipts in evidence recited the location of the warehouse and that the invoices indicated the place to which the merchandise was sent. If so, these might have proved the venue. Had it been recited in the bill of exceptions that the exhibits "are in substance as follows," and the substance was set out, without mention of place, it might with reason be concluded that the exhibits contain nothing which would throw any light on that subject. But the bill of exceptions does not state anything to this effect. It recites merely that invoices were offered in evidence, stating the aggregate price of the goods thereby represented, and warehouse receipts for cases of merchandise, giving date and name of person to whom issued. But presumably the exhibits contain more than this, and it is plain to us that the bill of exceptions itself discloses that there thus was evidence which is not brought before us.

[7] The mere fact that the exhibits are lost does not relieve one, attacking the judgment for lack of evidence to sustain it, from bringing before the reviewing court the substance of all the evidence bearing upon a disputed proposition of fact. If exhibits have been been lost

by one side or the other, the one offering the bill of exceptions may go before the District Court and present what he claims to be a copy or the substance of the lost exhibits, and, if there is controversy as to whether they are thus truly shown, the District Court will examine into the facts and certify accordingly, so that the reviewing court may have before it the substance of all that was before the District Court. This has not been done, nor has any other course been adopted to put us in possession of all the evidence. In this state of the record, we must conclude that there was before the District Court evidence other than that shown in the bill of exceptions; and we must assume that such evidence was sufficient to prove the venue as laid.

[8] Desiring always to afford litigants all reasonable opportunity to bring before us whatever may be proper for the consideration of pending issues, and following the practice indicated in Railroad v. Schutte, 100 U. S. 644, 25 L. Ed. 605, it is ordered that if, within 30 days from the filing of this opinion in the office of the clerk of this court, there be presented to this court, duly certified, a transcript of additional bill of exceptions of evidence adduced on the trial of said cause, bearing upon the question of venue, and not shown by the transcript now on file, this cause shall be further considered by the court in connection therewith; otherwise, at the end of said 30 days, the judgment of the District Court herein shall stand affirmed.