## RASMUSSEN et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 23, 1925. Rehearing Denied January 4, 1925.)

No. 4670.

1. **Criminal law ⬤⟞1121(3)—Sufficiency of evidence to sustain conviction not reviewable, where bill of exceptions does not show that it contains all the testimony.**

Sufficiency of evidence to sustain conviction is not reviewable, where bill of exceptions does not show affirmatively or by inference that it contains all testimony produced on trial.

2. **Post office ⬤⟞49—Testimony as to transactions between witness and defendants held properly admitted in prosecution for fraudulent use of mails.**

In prosecution for use of mails in furtherance of scheme to defraud, in violation of Penal Code, § 215 (Comp. St. § 10385), testimony as to transactions between witness and defendants relative to oil leases which witness was led to believe would be turned over to syndicate, units or shares in which defendants were selling, *held* properly admitted.

3. **Post office ⬤⟞49—Letter held admissible in prosecution for fraudulent use of mails.**

In prosecution for use of mails in furtherance of scheme to defraud in violation of Penal Code, § 215 (Comp. St. § 10385), mimeograph letter bearing defendants' names in caption, and having initials in lower left-hand corner corresponding to initials of stenographer employed by defendants, *held* sufficiently shown to have been authorized by defendants, and mailed according to custom under defendants' authority, to warrant its admission in evidence.

4. **Criminal law ⬤⟞1156(1)—Order denying new trial is not reviewable in federal court.**

Order denying new trial is not reviewable in federal court.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Christian J. Rasmussen and Lester W. Thayer were convicted of devising scheme to defraud, and of using mails in furtherance of such scheme, and they bring error. Affirmed.

Arthur H. Hutchinson, of Seattle, Wash., for plaintiff in error Rasmussen.

Guy E. Kelly and Thomas MacMahon, both of Tacoma, Wash., for plaintiff in error Thayer.

Thos. P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, HUNT, and McCAMANT, Circuit Judges.

HUNT, Circuit Judge. Defendants and one Bigelow were convicted of having devised and intended to devise a scheme and artifice to defraud certain persons and others unknown and using the mail for the purpose of executing the scheme. Section 215, Penal Code (Comp. St. § 10385).

The charge was that defendants were to organize associations known as 66 Oil Syndicate and 44 Oil Syndicate of Seattle, for the purpose of selling units or shares in such organizations to the persons named and referred to in the indictment. Defendants were to represent that the syndicates were formed to drill for oil in Allen and Warren counties, Ky., and had assets in certain described leases of 438 acres in said counties; that the leases were of great financial value; that the tracts covered by the leases would probably produce petroleum in large and profitable quantities; that all moneys paid by investors to defendants would be devoted entirely to the drilling for petroleum and developing the tracts, and would not be used for any other purpose; that certain named mercantile agencies and various banks in Kentucky and Washington had investigated the financial condition of the syndicates and had found them to be sound, and would so advise "victims"; that defendants were to and did solicit and obtain large sums of money in exchange for shares in said syndicates; that part of the scheme was to assure large returns to the purchaser; that there was no chance to lose money invested; that the salesmen and others associated with the syndicates received no commissions or salaries; that there was no promotion stock; that all moneys invested would be returned with 8 per cent. interest if dividends were not paid within six months from date of purchase; that all unit holders were to receive from 3 to 36 per cent. per

month on the amount invested; that the company was selling oil and producing from 10 to 72 barrels per day from the wells. The allegations of the indictment negatived all these representations, and charged that by means of the scheme defendants obtained large sums, and to effectuate the scheme they mailed and caused to be mailed certain letters addressed to named persons, setting forth in alluring terms the value of the investment and the probabilities of dividends.

Rasmussen was convicted under counts 4, 7, and 8, and Thayer was convicted under count 4. They sued out writs and filed separate assignments of error and briefs.

[1] Defendants urge that the court erred in denying their motion for a directed verdict upon the ground that the evidence was insufficient to sustain conviction. But as the bill of, exceptions signed by the judge fails to show affirmatively or by inference that it contains all the testimony produced upon the trial, the question whether there was any substantial evidence to warrant a conviction is not before us for review. Oregon American Lumber Co. v. Simpson, 8 F. (2d) 946 (decided November 16, 1925). Obviously, the appellate court cannot say that the presumption in favor of the verdict has been overcome in that there is lack of evidence, unless all the testimony that was produced before the lower court is brought up for review. Meyer v. Everett Pulp & Paper Co., 193 F. 857, 113 C. C. A. 643; Goldfarb v. Keener (C. C. A.) 263 F. 357; Buessel v. United States, 258 F. 811, 170 C. C. A. 105; Taylor Craig Corporation v. Hage, 69 F. 581, 16 C. C. A. 339; Greenspaln v. United States (C. C. A.) 298 F. 736. We therefore pass to assignments founded upon the rulings admitting or excluding evidence.

[2] Defendants complain because the court permitted a government witness, Fisher, to testify to transactions with defendants relating to certain oil leases in Kentucky. Fisher said he had advanced various sums of money for the acquisition of interests in certain leases; that he dealt with Thayer, who told him he had a telegram concerning the property from Rasmussen and Bigelow, who were then in Kentucky; that he was to have an individual interest in one of the leases referred to in the indictment. On cross-examination witness said that some time afterwards he sold the interest he had acquired in the "Jack Whitney" lease (mentioned in the indictment) to the 66 Oil Syndicate for $3,000. While the testimony in the bill of exceptions bearing upon the point

urged is not very clear because of references to evidence not in the record, enough appears to warrant the inference that the defendants represented to Fisher that the property to be acquired was to be turned over to the syndicate, and that the property referred to was in part, at least, mentioned in the indictment. We perceive no error in admitting the testimony.

[3] It is contended that there was no testimony to show that the letter set forth in count 4 of the indictment was written by or under the authority of Thayer or any other defendant, or placed in the mail by him or any of the defendants, or by their direction or authority.

The letter apparently was from a mimeograph and bore the caption "66 Oil Syndicate," Seattle, Wash., L. E. Bigelow, president, Lester W. Thayer, vice president, and C. J. Rasmussen, secretary-treasurer. It was dated March 3, 1923, addressed to members of the 66 Oil Syndicate, and stated that owing to new developments the trustees had decided to withdraw entirely the sale of units on March 15, 1923, and that those who had unpaid subscriptions on file on that date would have their names taken from, the books; that those desiring to secure more units must do so before March 15th. The letter continued: "Our present production is sufficient to cause the action taken above and certain other arrangements and plans of the trustees, coupled with the addition of valuable property to the 66, have made the ownership of 66 units something to be proud of." The letter bears the mimeograph signatures of Bigelow, Thayer, and Rasmussen. Ethel Waack testified that she was employed as stenographer and bookkeeper for the syndicate from February to July, 1923; that she wrote certain letters not in the record but introduced in evidence; that she took dictation from Bigelow, and mailed correspondence which she typed from day to day. It is to be observed that the letter set forth in the indictment, and referred to above, has the typewritten initials "EW" in the lower left corner. A witness, an investor, testified that he had received the letter in the mail. Another witness testified that she had bought stock in the 66 Syndicate, and that thereafter she received a letter identical with that above described as in count 4, and that she talked with Rasmussen and then bought more shares, and that when she was in the office of the company she was introduced to Bigelow and Thayer.

The testimony was sufficient to submit to the jury and to sustain the conclusion that

the letter was authorized by all the defendants whose names appear thereon, and that it was mailed according' to the custom and under the authority of the officers of the company. Watlington v. United States, 233 F. 247, 147 C. C. A. 253; Knickerbocker Life Ins. Co. v. Pendleton, 115 U. S. 339, 5 S. Ct. 314, 28 L. Ed. 866.

[4] The order denying the motion for a new trial, though questioned by defendants, is not reviewable. Holder v. United States, 150 U. S. 91, 14 S. Ct. 10, 37 L. Ed. 1010; Beaton v. United States (C. C. A.) 5 F.(2d) 966.

The record presents no ground for disturbing the judgment.

Affirmed.