**HALL v. UNITED STATES.**

No. 6342.

Circuit Court of Appeals, Ninth Circuit.

March 23, 1931.

John W. Ray, of Phœnix, Ariz., for appellant.

John C. Gung'l, U. S. Atty., of Tucson, Ariz., and J. S. Wheeler, of Phœnix, Ariz., and B. G. Thompson and Norman S. Hull, Asst. U. S. Attys., both of Tucson, Ariz.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

SAWTELLE, Circuit Judge.

This is the second appeal in this case. See 41 F.(2d) 54.

Appellant was convicted upon three separate counts of an information charging: First, the unlawful possession of approximately 200 gallons of intoxicating liquor; second, the unlawful possession of certain property designed for the manufacture of intoxicating liquor; third, the maintenance of a common nuisance.

The government introduced evidence tending to prove that on or about July 15, 1928, George C. Ruffner, sheriff of Yavapai county, Arizona, had a conversation with appellant, Joe Hall, in which conversation Ruffner, among other things, said, "Well, now Joe, as far as this pool-hall business is concerned that is legitimate business, we issue licenses for that, but as for this other stuff, this making whiskey, I am going to make you

quit," to which Hall replied, "Well, now, George, I want to tell you something, \* \* \* I have got 350 gallons of damned good whiskey and I am going to sell it"; that a short time after this conversation Ruffner secured a search warrant from the superior court of said county to search Hall's residence and pool hall; that as a result of such search Ruffner found and seized the liquor referred to, as well as a gas burner, pressure tanks, condensers, a copper boiler, a cooling tank, and other property used and useful in the manufacture of intoxicating liquor; that all the above-described property is set forth in the return on the search warrant; that, at the time Ruffner secured the search warrant and proceeded to appellant's premises to make the search, Ruffner expected to find appellant either making or selling whisky, violations of the state prohibition law, and that he did not conceive the idea of turning the property over to the federal officers until after he had made the search and seizure and realized that appellant could only be prosecuted for the unlawful possession of the seized property, which is not a violation of the state prohibition law.

This court held on the former appeal that "the affidavit for the search warrant was on information and belief, and was clearly insufficient under the federal statutes. \* \* \* The provision of the fourth amendment to the Constitution, forbidding unreasonable searches and seizures, refers to governmental action, and is not invaded by unlawful acts of individuals or of municipal or state officers, in which the government has no part. Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159. But evidence obtained through wrongful searches and seizures by state officers who are co-operating with federal officers must be excluded. Byars v. United States [273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520], supra; Gambino v. United States, 275 U. S. 310, 314, 48 S. Ct. 137, 52 A. L. R. 1381, 72 L. Ed. 293. The latter case went one step further and held that where the search and seizure was made by state officers for the sole purpose of aiding in the prosecution of a federal offense, the testimony must be excluded, whether there was co-operation between state and federal officers at the time of the search and seizure or not." Hall v. United States, supra.

The trial court, after hearing all the evidence, concluded that at the time the state officer made the search and seizure he had no intention of securing evidence for the government and was not acting in co-operation with government officers; hence overruled appellant's motion to suppress the evidence. The evidence was sufficient to support the finding of the court in that regard. This disposes of the first assignment of error.

In this connection it might be well to consider assignment 8. It assigns as error the ruling of the court on appellant's objection to the admission in evidence of the affidavit for the search warrant, the search warrant itself, and the return thereon containing an inventory of the property seized. The record discloses that same were offered and admitted for the purpose of corroborating the testimony of the witness Ruffner, to show that the warrant was executed, and to identify the specific property that was seized under the warrant. In our opinion there was no error in admitting these documents. They were admissible not only as tending to corroborate the witness Ruffner's testimony as to the kind and character of the property which he found and seized, but also as tending to prove that in making the search he acted upon his own initiative as a state officer in attempting to enforce a state statute, and that he was not acting in co-operation with any federal officer.

In his brief, counsel for appellant states that "argument is not offered on assignments 2, 3, 4, 7, and 11," but he admits that said assignments were considered and disposed of by this court on the former appeal. This leaves for consideration assignments 5, 9, 10, 12, 13, 14, and 15.

Assignment 5 is argued in connection with assignments 13, 14, and 15.

Assignments 9 and 10 allege that the "court erred in denying defendant's motion for a directed verdict in favor of the defendant," and that "the verdict of the jury is contrary to the law and to the evidence." In support of these assignments, counsel for appellant contends that "without the evidence obtained under the void search warrant there was no evidence upon which a jury could legally arrive at a verdict of guilty and a directed verdict in favor of defendant should have been granted." The bill of exceptions fails to state that it contains all the evidence produced on the trial; therefore the question whether there was any substantial evidence to justify a conviction is not before us for review. In the case of Rasmussen v. United States (C. C. A.) 8 F.(2d) 948, 949, Judge Hunt, speaking for this court, said: "Defendants urge that the court erred in denying their motion for a directed verdict upon the

ground that the evidence was insufficient to sustain conviction. But as the bill of exceptions signed by the judge fails to show affirmatively or by inference that it contains all the testimony produced upon the trial, the question whether there was any substantial evidence to warrant a conviction is not before us for review. Oregon-American Lumber Co. v. Simpson [C. C. A.] 8 F.(2d) 946 (decided November 16, 1925). Obviously, the appellate court cannot say that the presumption in favor of the verdict has been overcome in that there is lack of evidence, unless all the testimony that was produced before the lower court is brought up for review. Meyer v. Everett Pulp & Paper Co., 193 F. 857, 113 C. C. A. 643; Goldfarb v. Keener (C. C. A.) 263 F. 357; Buessel v. United States, 258 F. 811, 170 C. C. A. 105; Taylor-Craig Corporation v. Hage, 69 F. 581, 16 C. C. A. 339; Greenspahn v. United States (C. C. A.) 298 F. 736."

Assignment 12 is "that the court erred in various rulings in the trial of Court and cause, and in the admission and rejection of evidence." Such a general assignment of error does not comply with the requirements of Rule 11 of this court, which reads in part as follows: " * * * When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected. * * * When this is not done, counsel will not be heard, except at the request of the court; and errors not assigned according to this rule will be disregarded, but the court, at its option, may notice a plain error not assigned."

This assignment is too general and does not set forth the evidence admitted or rejected. This court should not be expected or required to search the record to find the evidence to which the assignment relates.

Assignments 5, 13, 14, and 15, relate to the refusal of the court to give the jury requested instructions Nos. 3, 5, and 6. The bill of exceptions does not set out the trial judge's general charge to the jury nor the requested instructions referred to, although the latter by a mistake appear in the engrossed bill of exceptions; therefore the errors assigned are not subject to review by this court. A somewhat similar situation arose in the case of Johnston v. United States, 154 F. 445, 449 (C. C. A. 9th). In that case, Judge Gilbert said:

"Error is assigned to the refusal of the court to give to the jury certain instructions which were requested on behalf of the plaintiff in error. We cannot consider this assignment, for the reason that the whole of the charge given by the court to the jury is not in the record. Where the record does not contain the whole charge, it will be presumed that the court properly charged upon every branch of the case, and it will be presumed that further instructions were given to correctly modify erroneous instructions shown by the record, if it is very clear that these could have been so corrected and the record is incomplete. Bennett v. Harkrader, 158 U. S. 441, 15 S. Ct. 863, 39 L. Ed. 1046; Northern Pac. Ry. Co. v. Tynan, 119 F. 288, 56 C. C. A. 192, and cases there cited."

"In the absence of the charge as given it will be presumed that the court properly instructed the jury in respect of these matters. The court is not required to grant specific prayers, if the subject-matter therein contained is properly covered in the general charge. With the presumption in favor of the correctness of the charge, the assignments in the present case are without merit." Williams v. United States, 57 App. D. C. 253, 20 F.(2d) 269, 270.

"The bill of exceptions does not contain all the instructions given. We are therefore unable to say whether defendant was prejudiced by the last instruction given, a portion of which was invited by his own counsel. Whether an accused is prejudiced by any particular language in a charge can only be ascertained by an examination of the entire charge. Colt v. United States, 190 F. 305, 111 C. C. A. 205. Not infrequently does it occur that language which, standing alone, might be subject to criticism, is entirely harmless when read in connection with other portions of the instructions." Michael v. United States, 7 F.(2d) 865, 866 (C. C. A. 7th.)

Notwithstanding the fact that the bill of exceptions does not contain all of the evidence and the general charge of the trial judge, and that counsel has failed to comply with the rule of this court above referred to, we have in the exercise of our discretion considered the assignments of error, and do not find that any reversible error was committed by the trial court.

Judgment affirmed.